UNITED STATES

v.

**Airman Shawn E. KITTLE, United States Air Force.**

ACM 34492.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 22 Feb. 2001.

Decided 18 April 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott and Captain Patrick J. Dolan.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Major Eric D. Placke.

Before BURD, Senior Judge, HEAD, and ROBERTS, Appellate Military Judges.

OPINION OF THE COURT

BURD, Senior Judge:

On 21–22 February 2001, the appellant was tried by general court-martial composed of a military judge sitting alone at Luke Air Force Base (AFB), Arizona. Consistent with his pleas, he was found guilty of making a false official statement, using cocaine, and two specifications of perjury, in violation of Articles 107, 112a, and 131, UCMJ, 10 U.S.C. §§ 907, 912a, and 931, respectively. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 3 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority, in accordance with a pretrial agreement (PTA), approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 6 months, forfeiture of $695.00 pay per month for 6 months, and reduction to E–1.

The appellant raises one issue on appeal. He claims that the staff judge advocate (SJA) erred by attaching copies of documentation of the appellant's two prior nonjudicial punishment (NJP) actions to the SJA's recommendation (SJAR). We disagree and affirm.

While we could summarily dispose of this issue, we take the opportunity to restate the basic rules spelled out by our superior court for analyzing a claim of error in the post-trial review leading up to convening authority action and to also comment on the meaning of Rule for Courts Martial (R.C.M.) 1106. In *United States v. Wheelus,* 49 M.J. 283 (1998), our superior court said the following:

> The applicable statutory and Manual provisions, as well as our prior cases, establish the following process for resolving claims of error connected with a convening authority's post-trial review. First, an appellant must allege the error at the Court of Criminal Appeals. Second, an appellant must allege prejudice as a result of the error. Third, an appellant must show

what he would do to resolve the error if given such an opportunity.

*Id.* at 288.

Once we analyze an appellant's claim and conclude there is error, we turn to the issue of whether there is any resulting prejudice. An appellant's burden is to make "some colorable showing of possible prejudice." *Wheelus,* 49 M.J. at 289 (quoting *United States v. Chatman,* 46 M.J. 321, 323–24 (1997)). *See United States v. Kho,* 54 M.J. 63, 65 (2000). Once an appellant satisfies this burden, we are required, under our plenary review authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), amplified in R.C.M. 1106(d)(6), to remedy the error by providing meaningful relief. *Wheelus,* 49 M.J. at 288–89. *See United States v. Miller,* 56 M.J. 764 (A.F.Ct.Crim.App.2002). If we are unable to provide meaningful relief, we then must return the record to the Judge Advocate General for a new SJAR and convening authority action. *Wheelus,* 49 M.J. at 289.

█ We begin an analysis of an appellant's claim of error in a SJAR by determining whether the appellant has properly preserved the issue for our consideration. In the absence of plain error, we will not consider a claim of error in a SJAR unless the appellant has commented on the matter in a timely manner. R.C.M. 1106(f)(6); *United States v. Drayton,* 40 M.J. 447, 448 (C.M.A. 1994). The appellant in this case has properly preserved the issue by his counsel's written objection submitted in accordance with R.C.M. 1106(f)(4). *See also* R.C.M. 1105.

█ Turning to the substance of the appellant's claim, he asserts that R.C.M. 1106(d)(3) requires that the SJAR include concise information and, more particularly, R.C.M. 1106(d)(3)(C) requires that the SJAR include a summary of the accused's service record, to include any records of NJP. By the appellant's logic, he would then have us conclude that to not summarize the records of NJP in the SJAR, but instead attach the complete record, violates the rule. We do not find this logic compelling.

R.C.M. 1106(d) addresses the form and content of the SJAR. The SJAR is required to be a concise written communication. R.C.M. 1106(d)(2). *See Miller,* 56 M.J. at 769. R.C.M. 1106(d)(3) sets forth the **minimum required** contents for the SJAR. *United States v. Diaz,* 40 M.J. 335, 340 (C.M.A.1994) (emphasis added). This rule flows from the legislative pronouncement of Congress that the SJAR "shall include such matters as the President may prescribe by regulation." Article 60(d), UCMJ, 10 U.S.C. § 860(d).

R.C.M. 1106(d)(3) does not operate to preclude the SJA from including additional matters in the SJAR. R.C.M. 1106(d)(5) states: "*Optional Matters.* The recommendation of the staff judge advocate or legal officer may include, in addition to matters included under subsections (d)(3) and (4) of this rule, any additional matters deemed appropriate by the staff judge advocate or legal officer. Such matter may include matters outside the record."

In the appellant's case, the SJA referenced, in the body of the SJAR, prior NJP action as an attachment. Apparently, the SJA chose to attach copies of the documentation of the two NJP actions rather than summarize the actions in the body of the SJAR. It is noteworthy that the NJP actions were not from outside the record of trial, but were an admitted prosecution exhibit.

We conclude that R.C.M. 1106(d)(5) permits including the documentation of the two NJP actions as an attachment to the SJAR. We see no valid reason to establish a requirement to summarize particular portions of an accused's service record when attachment of the complete document to the SJAR satisfies the same purpose. R.C.M. 1106(d)(3)(C) merely states a requirement that a summary of the accused's service record be included in the SJAR and then states the specific categories of information within the accused's service record that must also be included. The requirement of R.C.M. 1106(d)(2) that the SJAR be "a concise written communication" does not preclude an SJA from including detailed information or attachments, as the SJA deems appropriate. R.C.M. 1106(d)(5); *Diaz,* 40 M.J. at 340.

It is important to remember that the "authority to modify the findings and sentence of a court-martial is a matter of **command prerogative involving the sole discretion of the convening authority**." Art. 60(c)(1), UCMJ (emphasis added). *See Manual for Courts–Martial, United States*, A21, Rule 1106 (2000 ed.). This authority is based on the commander's responsibility for good order and discipline within his or her organization. *United States v. Finster*, 51 M.J. 185, 186 (1999).

Once the action of the convening authority is understood for its importance not just to the immediate case but for its broader impact on good order and discipline, one can then place the SJAR in proper context. The SJAR gives the convening authority's lawyer the opportunity to ensure that the convening authority has a fair and concise understanding of the case and the factors important for the convening authority to consider in taking action. In one sense, the SJAR is simply legal advice to a client. But, because of the importance of the action, the SJAR must be faithful to the ends sought to be achieved, i.e., justice for the accused and promotion of good order and discipline. The SJAR should represent the best effort of the SJA to arrive at a recommendation for action that achieves both these purposes. If there is ontology to this effort, military justice is the product of a convening authority action that synthesizes these lofty goals.

Returning to the immediate case, for the above reasons, we find that the SJAR in this case satisfies the requirements of R.C.M. 1106 and, therefore, there is no error. Moreover, even if we found error, the appellant has failed to make "a colorable showing of possible prejudice." *Wheelus*, 49 M.J. at 289; Article 59(a), UCMJ, 10 U.S.C. § 859(a). The appellant's trial defense counsel submitted a written objection to the SJAR that was directly on-point. The SJA fairly commented on the objection in his addendum to the SJAR. There is nothing to suggest the convening authority was misled by the SJAR or addendum. The appellant's NJP actions were part of the record of trial. In short, the post-trial process in this case worked the way it was intended. The defense was given, and they took, the opportunity to comment on the matters contained in the SJAR. And there is nothing to suggest that the convening authority did not appropriately consider both the SJAR and submissions by the defense in taking action.

The approved findings of guilty and sentence are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). Accordingly, the approved findings of guilty and sentence are

AFFIRMED.