**UNITED STATES**

v.

**Major Blaine P. CARMICHAEL, 449–76–4721 FR, United States Air Force.**

**ACM 26952.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 April 1988.

Decided 22 Nov. 1988.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain William E. Boyle.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

DECISION

PER CURIAM:

The appellant was tried before a general court-martial with members. Contrary to his plea he was convicted of presenting a false and fraudulent claim against the United States for loss and damage to household goods in a shipment from Spain to the location of his current duty assignment, in violation of Article 132, Uniform Code of Military Justice, U.S.C. § 932. He was sentenced to a dismissal and to be fined $9,564.00, said fine to be paid by 5 April 1989 or be confined for one year or until the fine had been paid.

In the first assigned error, the appellant challenges the sufficiency of the circum-

stantial evidence to support the findings of guilty. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) requires us to make an independent determination of the facts, recognizing that the finders of fact saw and heard the witnesses, and to be convinced beyond a reasonable doubt of the accused's guilt. *United States v. Lips*, 22 M.J. 679 (A.F.C.M.R.1986); *United States v. Perry*, 20 C.M.R. 638 (A.F.B.R.1955). We have reviewed the record of trial and are also convinced beyond a reasonable doubt of the appellant's guilt. Article 66(c), UCMJ.

The remaining assignments of error and the invited issue are decided against the appellant.

However, another error not assigned does require our remedial action. The sentence, as adjudged by the court, does not provide for any confinement. However, the imposed sentence does state that if the imposed fine was not paid by 5 April 1989 the appellant is to be confined for a period of one year or until the fine has been paid. Since confinement was not part of the imposed sentence this provision of the sentence cannot be approved. R.C.M. 1003(b)(3) provides in part, "In order to enforce collection, a fine may be accompanied by a provision in the sentence that, in the event the fine is not paid, the person fined shall, *in addition to any period of confinement adjudged,* be further confined until a fixed period considered an equivalent punishment to the fine has expired." (Emphasis added). Since confinement was not a part of the imposed sentence, such cannot later be enforced as a result of non-payment of the imposed fine. Therefore, we approve only so much of the sentence as provides for a dismissal and a fine of $9,564.00.

The findings of guilty and the sentence as modified are correct in law and fact and, on the basis of the entire record are

AFFIRMED.