**UNITED STATES**

v.

**Technical Sergeant Nellie R. ARNOLD,
FR 437–88–8706, United States
Air Force.**

**ACM 27176.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 July 1988.

Decided 6 Jan. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

PER CURIAM:

Subsequent to the appellant's conviction by general court-martial she was sentenced to a bad conduct discharge, a fine of $1,000.00, one year and one day confinement if the fine is not paid, and reduction to the grade of E–3.

The case was submitted to this court on its merits. Our review of the record convinces us that the findings of guilty were proper. However, we have determined that an improper sentence was adjudged.

This court recently decided the case of *United States v. Carmichael,* 27 M.J. 757 (A.F.C.M.R.1988). In that case the imposed sentence did not include confinement. However, he was sentenced to a fine. The adjudged sentence further provided that if the fine was not paid by a stated date the appellant was to be confined for one year or until the fine was paid. We disapproved that portion of the sentence which provided that if the fine was not paid by the stated date the appellant would be confined for a period of one year or until the fine was paid. Our determination was based on our interpretation of R.C.M. 1003(b)(3) which provides in part, "In order to enforce collection, a fine may be accompanied by a provision in the sentence that, in the event the fine is not paid, the person fined shall, *in addition to any period of confinement adjudged,* be further confined until a fixed period considered an equivalent punishment to the fine has expired." (emphasis added). We concluded that since confinement was not a part of the imposed sentence, confinement cannot later be enforced as a result of non-payment of the imposed fine.

In the case *sub judice* we are again faced with the issue of whether, when the imposed sentence did not provide for any confinement an individual can at a later date be put in confinement for non-payment of the imposed fine. We interpret R.C.M. 1003(b)(3) as prohibiting such confinement. Therefore, we approve only so much of the sentence as provides for a bad conduct discharge, to be fined $1,000.00, and reduction to the grade of E–3.

The findings of guilty and the sentence as modified are correct in law and fact and, on the basis of the entire record are AFFIRMED.