**UNITED STATES, Appellee,**

v.

**Captain Dorothy C. BEVINS,
586–70–0440, United States
Army, Appellant.**

**ACMR 8902632.**

U.S. Army Court of Military Review.

20 June 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Allen F. Bareford, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

---

\* Judge Charles H. Giuntini took final action on this case prior to his retirement.

## OPINION OF THE COURT

GIUNTINI, Judge: *

The appellant's approved sentence was to a dismissal and a fine of $1,500.00 to be paid within ninety days, and if the fine was not timely paid, to be confined for one year.[1] The issue is whether a fine and contingent confinement may be imposed even though the sentence does not otherwise provide for confinement.

Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(3) [hereinafter R.C.M.] states in pertinent part:

> In order to enforce collection, a fine may be accompanied by a provision in the sentence that, in the event the fine is not paid, the person fined shall, *in addition to any period of confinement adjudged,* be further confined until a fixed period considered an equivalent punishment to the fine has expired. The total period of confinement so adjudged shall not exceed the jurisdictional limitations of the court-martial.... (emphasis added).

Based on the emphasized language, the United States Air Force Court of Military Review has refused to approve conditional confinement for failure to pay a fine if an accused is not otherwise sentenced to any confinement. *United States v. Arnold,* 27 M.J. 857 (A.F.C.M.R.1989) and *United States v. Carmichael,* 27 M.J. 757 (A.F.C.M.R.1988). We respectfully disagree.

The language from R.C.M. 1003(b)(3), emphasized above, appeared in both the 1951 and 1969 Manuals for Courts–Martial [hereinafter MCM]. MCM, 1951, para. 126(h)(3) and MCM, 1969, para. 126(h)(3). In *United States v. Sarea,* 9 C.M.R. 633 (A.F.B.R.1953) the Air Force Court affirmed (properly in our view) a sentence which included a fine and contingent confinement, even though the sentence did not otherwise provide for confinement.

We read the emphasized language of R.C.M. 1003(b)(3) as intending only to make clear that, in addition to ordinary confinement as punishment, a sentence may prop-

---

1. The appellant paid her fine within the ninety-day period.

erly include contingent confinement to enforce payment of a fine.

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GILLEY concur.