UNITED STATES, Appellee,

v.

Charles M. KHO, Corporal, U.S. Marine Corps, Appellant.

No. 99–0925.
Crim.App. No. 98–1646.

U.S. Court of Appeals for the Armed Forces.

Argued May 2, 2000.

Decided Sept. 1, 2000.

Sullivan, J., filed concurring opinion.

Crawford, Chief Judge, concurred in result and filed opinion.

GIERKE, J., delivered the opinion of the Court, in which EFFRON, J., and COX, S.J., joined. SULLIVAN, J., filed a concurring opinion. CRAWFORD, C.J., filed an opinion concurring in the result.

For Appellant: *Captain Curtis M. Allen,* USMC (argued); *Lieutenant Dale O. Harris,* JAGC, USNR.

For Appellee: *Lieutenant Commander Philip Sundel,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, *Commander Eugene E. Irvin,* JAGC, USN, and *Lieutenant Janice K. O'Grady,* JAGC, USNR.

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of violating a lawful general order by possessing drug paraphernalia (rolling papers, a bong, and a pipe), using marijuana, possessing marijuana (trace amounts of seeds and residue), and three specifications of assault and battery on his 5–year–old daughter, in violation of Articles 92, 112a, and 128, Uniform Code of Military Justice, 10 USC §§ 892, 912a, and 928, respectively.

The three assaults arose from appellant's efforts to discipline his daughter. The first occurred after she wet her bed. On this occasion, appellant spanked her bare buttocks with his hand several times at 5–minute intervals. Although he left red welts on her buttocks, she did not require medical attention.

The second assault occurred when appellant's daughter shoved a piece of pizza crust down her throat and then vomited on herself. Appellant took her to the bathroom, removed her clothing, told her he "didn't want to ever see that kind of thing happen again," and sprayed her with cold water. His daughter begged him to stop, but he kept spraying her with cold water because he wanted to inflict pain. After she promised not to make herself vomit again, appellant turned the water up to "regular bath temperature." Appellant told the military judge that he punished his daughter to correct her behavior, but he "went overboard."

The third assault was alleged to have occurred on divers occasions. Appellant told the military judge that his daughter had been repeatedly misbehaving, and he spanked her with his hand so hard that he injured his hand. He then spanked her on the buttocks and legs with his web belt. A couple of days later, his hand was still injured, and so when she misbehaved again, he spanked her on the buttocks and legs with a plastic-soled slipper. Although the girl did not require medical treatment, the spankings left numerous large bruises.

In extenuation and mitigation, appellant presented the testimony of two NCOs who testified about his good duty performance. Appellant made an unsworn statement, in which he stated that he lost his temper with his daughter because he was "stressed out" by financial problems. He also testified that he was attending parenting and anger management classes in order to become a better parent. He concluded his unsworn statement by apologizing to the court, his wife, his daughter, his superiors, and the Marine Corps.

The military judge sentenced appellant to a bad-conduct discharge, confinement for 120 days, and reduction to the lowest enlisted grade. After announcing the sentence, the military judge recommended that the convening authority consider suspending 30 days of the confinement.

The staff judge advocate's (SJA) recommendation described the cold water assault inaccurately and did not mention the military judge's recommendation. The charge sheet originally alleged that appellant assaulted his daughter by placing her in a cold bath and spraying her with cold water. Before arraignment, the specification was amended to delete the reference to placing her in a cold bath, but the SJA failed to reflect the amendment in his post-trial recommendation.

The SJA's recommendation was served on appellant and his counsel, but they failed to point out the errors and omissions. No clemency matters were submitted. The convening authority approved the sentence as adjudged.

The court below, 1999 WL 450338, held that appellant was not entitled to any relief, because he failed to allege or show prejudice. The court noted that appellant's request for voluntary appellate leave was approved after appellant served "65 days or less of the adjudged 120 days confinement." Unpub. op. at 2 n. 2.

Appellant asserts that the errors and omissions in the SJA's recommendation were plain error. He argues that "prejudice is manifest." * Final Brief at 5. The Govern-

* The granted issue is:
  WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS INCOR- RECTLY APPLIED THE PLAIN ERROR STANDARD BY REQUIRING APPELLANT TO SHOW PREJUDICE.

ment argues that appellant was not prejudiced.

■ RCM 1106(f)(6), Manual for Courts–Martial, United States (1998 ed.), provides that defense counsel's failure to comment on any matter in the post-trial recommendation in a timely manner waives any later claim of error, unless it rises to the level of plain error. To prevail under a plain-error analysis, appellant had the burden of persuading this Court that: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *United States v. Finster*, 51 MJ 185, 187 (1999), citing *United States v. Powell*, 49 MJ 460, 463, 465 (1998).

■ We review application of the plain error doctrine *de novo*, as a question of law. *Powell*, 49 MJ at 462, citing S. Childress & M. Davis, 1 *Federal Standards of Review*, § 2.14 (2d ed.1992). Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents "some colorable showing of possible prejudice." *United States v. Wheelus*, 49 MJ 283, 289 (1998).

■ While it was error for the SJA to inaccurately describe the cold-water assault, appellant has not alleged or demonstrated any specific prejudice. There is no legal difference and little qualitative difference between placing the little girl in cold water and spraying her with cold water. Accordingly, we agree with the court below that this error does not rise to the level of plain error.

■ Likewise, it was error for the SJA to omit the military judge's clemency recommendation, but the record shows that the convening authority released appellant from confinement earlier than the military judge recommended. Thus, appellant has failed to carry his burden of making a colorable showing of prejudice.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring):

I agree with the majority that *appellant*, not the Government, has the burden to make "some colorable showing of possible prejudice" resulting from unobjected-to errors in the staff judge advocate recommendation before he is entitled to relief. *United States v. Wheelus*, 49 MJ 283, 289 (1998). I am somewhat puzzled by the majority's favorable citation of *United States v. Powell*, 49 MJ 460, 462 (1998), for this legal point. In *Powell*, the majority opinion stated the opposite on this point. There, the majority clearly puts the burden on the Government:

> Only after appellant met his burden of persuasion did the burden shift to the Government to show that the error was not prejudicial.

49 MJ at 465.

I also agree with the majority that a question of prejudice in a plain error case should be resolved on the basis of the impact of the error on the outcome of the trial or process. *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *contra United States v. Wilson*, 54 MJ at 62. Any suggestion to the contrary in *United States v. Powell*, *supra*, should be disregarded as dicta.

CRAWFORD, Chief Judge (concurring in the result):

I agree that the burden is on appellant to establish plain error.

In *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718, the Court stated:

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." 507 U.S. at 732, 113 S.Ct. at 1776. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error " ' "seriously affects[s] the fairness, integrity, or public reputation of judicial proceedings." ' "

I see no difference between an error that "materially prejudices ... substantial rights" under Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a), or an error that "affect[s] substantial rights" under Fed. R.Crim.P. 52(b). As the Court in *Johnson* indicated, an appellate court may "notice a forfeited error." A finding or sentence "may not be held incorrect" "unless the error materially prejudices the substantial rights of the accused." Thus, both prong four of *Johnson* and Article 59(a) instruct appellate courts as to when they may set aside the findings and sentence. The appellate court then analyzes whether the error was harmless. That is, it is possible to have an error that "materially prejudices ... substantial rights," such as a constitutional violation, *i.e.,* a confession obtained in violation of the Fifth Amendment, but still affirm the conviction. I view the application of these four prongs to be the same, whether employed by a court of discretionary appeal or a court with mandatory review.

Thus, although Rule 52(b) does not directly apply to military courts-martial procedures, its import and purpose are encompassed by Mil.R.Evid. 103(d), which, along with Article 59(a), provides the same limitation on review of harmless error that is provided by the *Olano/Johnson* analysis. To put it simply, even if there is a clear or obvious error at trial, if that error does not materially prejudice a substantial right (i.e., seriously affect the fairness of the trial), this Court need not take corrective action.

*United States v. Boyd,* 52 MJ 758, 763 (A.F.Ct.Crim.App.2000).

For these reasons, I concur in the result.