**UNITED STATES**

v.

**Staff Sergeant Christopher S. FERRIS,
United States Air Force**

**ACM 37885 (f rev)**

U.S. Air Force Court of Criminal Appeals

Sentence adjudged 9 February 2011 by
GCM convened at Offutt Air
Force Base, Nebraska.

1 October 2013

Military Judge: William C. Muldoon (sitting alone).

Appellate Counsel for the Appellant: Captain Travis K. Ausland.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Linell A. Letendre; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before ORR, HARNEY, and WIEDIE, Appellate Military Judges

## OPINION OF THE COURT

PER CURIAM:

The accused was convicted, contrary to his pleas, by a military judge sitting as a general court-martial of one specification of violating a lawful general regulation, one specification of knowingly possessing sexually explicit depictions of minor children, and one specification of knowingly viewing sexually explicit depictions of minor children,[1] in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. He was sentenced to a $10,000

fine, and to serve confinement for 10 months if the fine was not paid, and to reduction to the grade of E–1. The convening authority approved the reduction in rank and fine, but modified the enforcement language to say that if the fine was not paid, he was to be confined for not more than 10 months.

On 25 July 2011, The Judge Advocate General of the Air Force (TJAG) referred this case to this Court for review under Rule for Courts–Martial (R.C.M.) 1201(b)(1). The referral asks this Court to overturn its prior published precedent set in the cases of *United States v. Carmichael*, 27 M.J. 757 (A.F.C.M.R.1988), and *United States v. Arnold*, 27 M.J. 857 (A.F.C.M.R.1988). Both cases held that confinement imposed to enforce payment of a fine cannot be approved unless other punitive confinement is part of the sentence. As the case is now pending review by this Court, the appellant raises one additional issue for our consideration: Whether the appellant's conviction for wrongfully possessing child pornography is legally insufficient when the evidence did not establish that he (1) knew of the image's presence, or (2) could not access or otherwise control the images.

We previously affirmed the findings and sentence. *United States v. Ferris*, 72 M.J. 537 (A.F.Ct.Crim.App.2013), *rev'd*, 72 M.J. 475 (C.A.A.F.2013) (mem.). On 29 August 2013, the Court of Appeals for the Armed Forces granted the appellant's petition for review on the issue of whether one of the judges who participated in the original decision was unconstitutionally appointed. In the same order, the Court vacated our decision and remanded the case for further review by a properly appointed Court of Criminal Appeals in light of *Ryder v. United States*, 515 U.S. 177, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995) and *United States v. Carpenter*, 37 M.J. 291 (C.M.A.1993), *vacated*, 515 U.S. 1138, 115 S.Ct. 2572, 132 L.Ed.2d 823 (1995). *United States v. Ferris*, 72 M.J. 475 (C.A.A.F.2013) (order granting review).

Our decision today reaffirms our earlier decision.

---

1. The wrongful viewing specification was dismissed with prejudice by the military judge after

findings on the basis of an unreasonable multiplication of charges.

## Background

The appellant was a staff sergeant in the 55th Security Forces Squadron, Offutt Air Force Base, Nebraska. He sometimes saved work-related files on his external hard drive attached to his home computer. Fearing the external drive was starting to fail, he brought it into work and saved his work files on the squadron's common server under a folder associated with his name. He had forgotten that he stored pornography on his home computer in a subfolder within the folder he used for work so he unwittingly transferred his pornography collection onto the squadron's server.

Another security forces member, a civilian employee, looking for material for a training video, stumbled across the appellant's collection of pornography and reported it. During the investigation that ensued, the content of the appellant's personal external hard drive and computer were reviewed. The total number of pornographic images was more than 4,500. A number of these images were suspected child pornography. Thirteen images of children under the age of 18 were admitted as evidence during the appellant's court-martial. Ten of the images were in the "unallocated" space of the hard drive which means they were on disc space ready to receive data (overwritten) and were not retrievable without a sophisticated computer retrieval program. One of the ways data can get on the unallocated space of the hard drive is when one deletes it. When this occurs, the data is not actually removed; it is merely designated as "unallocated" space which can then be overwritten. It is no longer retrievable in the normal use of the computer. Hence, the images on the unallocated space were retrieved by computer experts. There is no way to tell how or when an image on unallocated space was so designated or by whom. At trial the defense did not dispute the images were child pornography. The defense centered on whether the Government could prove the appellant knowingly possessed or viewed them.

## Sufficiency of the Evidence

■ Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we review issues of legal and factual sufficiency de novo. *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F.2002); *see also United States v. Oliver,* 70 M.J. 64, 68 (C.A.A.F.2011). To determine legal sufficiency, we consider the evidence in the light most favorable to the prosecution, and decide whether a "reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner,* 25 M.J. 324 (C.M.A.1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *Turner,* 25 M.J. at 325; *see also* Article 66(c), UCMJ; *United States v. Bethea,* 46 C.M.R. 223, 224–25 (C.M.A.1973).

■ Given the facts of this case, we believe a rational trier of fact could have concluded, beyond a reasonable doubt that the appellant knowingly possessed and viewed child pornography and that the conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. The evidence showed the appellant downloaded much of his pornography using a computer program an expert witness identified as one commonly used to access child pornography. While ten of the images were in unallocated space on his external computer hard drive, at least two images were normally saved files and still fully accessible. The evidence showed he not only moved these files from his computer's hard drive to his external hard drive, but at some point had renamed them. This shows he exercised control over them.

The appellant also searched for his pornography using terms such as "teen" and "sex." He accessed websites and images with names such as "tastyfreshteens," "teenskirts," "nudeteensex," "Mexican-teen-porn," and others with more graphic names, but which contain the same reference to "teen." Although an expert witness testified that the term "teen" in pornography searches refers to women aged 18 and over, there was nothing in the record showing the appellant knew that. Nor was there evidence that using that term would exclude images of children under the

age of 18. Finally, when the appellant was questioned by investigators, he admitted to accessing a "nudist home page" and looking at children.

Applying the standards discussed above, we conclude a rational factfinder could have determined the appellant wrongfully and knowingly possessed sexually explicit visual depictions of minors. Additionally, after reviewing the record and weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Turner*, 25 M.J. at 325.

### Legality of the Approved Sentence

The issue raised by the Government and referred to this Court by The Judge Advocate General has, at its center, our prior interpretation of R.C.M. 1003(b)(3) that addresses fines and provides in pertinent part:

> Any court-martial may adjudge a fine in lieu of or in addition to forfeitures.... In order to enforce collection, a fine may be accompanied by a provision in the sentence that, in the event the fine is not paid, the person fined shall, *in addition to any period of confinement adjudged, be further confined* until a fixed period considered an equivalent punishment to the fine has expired. *The total amount of confinement so adjudged may not exceed the jurisdictional limitations of the court-martial.*[2]

(Emphasis added.)

The Government raised this issue because the appellant's sentence did not include confinement. His sentence only included a reduction to E–1, a fine of $10,000.00, and the language "to be confined for 10 months if the fine is not paid." The convening authority's Action modified the confinement language to say, "if said fine is not paid, to be confined for not more than 10 months." The appellant states the fine has been paid in full and, therefore, he asserts we should not consider this issue because it is moot. The Government does not dispute the appellant paid his fine, but nevertheless, asks this Court to

overrule *Carmichael* and *Arnold* because they were erroneous decisions. The Government responds to the mootness argument by citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F.2000), for the proposition that we should review the convening authority's approval of the sentence de novo and the need for such a review is unaffected by the payment of the fine.

■ We agree with the defense that, as an issue to be raised by either party on appeal, the issue of the legality of the sentence is moot. An issue is moot when "any action which we might take ... would not materially alter the situation presented with respect either to the accused or the Government." *United States v. Datavs*, 71 M.J. 420, 426 (C.A.A.F.2012) (citing *United States v. Gilley*, 34 C.M.R. 6, 6–7 (C.M.A.1963)); *see also United States v. McIvor*, 44 C.M.R. 210, 212 (C.M.A.1972). Moreover, our superior court has held that it would act on the convening authority's action if the appellant showed some prejudice which would support the Court's use of the plain error doctrine. *Kho*, 54 M.J. at 65. Because the appellant showed no prejudice, the Court took no action despite some error in the processing of the case. *Id.* Thus, under *Kho*, it is not enough that an error occurred; there must also be some correctable prejudice. *Id.* In this case, because the fine has already been paid, any action we might take would not alter the situation with respect to either the appellant or the Government. *See Datavs*, 71 M.J. at 426.

■ That being said, our duty under Article 66(c), UCMJ, is to "act only with respect to the findings and sentence as approved by the convening authority." Further, we may "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact...." Thus, despite the mootness discussion above, we must circle back around to the same issue via our own reviewing responsibility under Article 66(c), UCMJ. We can only affirm the sentence approved by the convening authority if it is correct in law.

---

2. There is a slight change in the wording between the 2008 and 2012 editions of the *Manual for Courts–Martial*, but that change is irrelevant to the issue at hand.

■ The issue before us then is whether the language emphasized in the excerpt above from R.C.M. 1003(b)(3), "in addition to any confinement adjudged, ... be further confined" requires that some amount of punitive confinement be adjudged in order to also impose "enforcement" confinement designed to compel payment of the punitive fine. Case law shows a split between the Army and the Air Force Courts of Criminal Appeals in the interpretation of this language. The Army Court of Criminal Appeals has interpreted R.C.M. 1003(b)(3) disjunctively, holding that there is no requirement for the adjudged sentence to include punitive confinement in order to impose enforcement confinement. *United States v. Bevins*, 30 M.J. 1149 (A.C.M.R.1990). Thus, the sentence in the instant case would be a lawful sentence in an Army court-martial.

On the other hand, this Court has in three cases (two of which were published), interpreted R.C.M. 1003(b)(3) conjunctively, holding that a lawfully adjudged sentence cannot include enforcement confinement unless it also includes punitive confinement. Under this rationale, the convening authority in this case would be required to disapprove the portion of the sentence that included the enforcement confinement and approve a punishment consisting of only of reduction in rank and the fine. *See Carmichael*, 27 M.J. at 757, *Arnold*, 27 M.J. at 857; *United States v. Shada*, ACM 27432, 1989 WL 76349 (A.F.C.M.R.1989) (unpub.op.) (Blommers J., concurring in part and dissenting in part).

In exercising our reviewing authority under Article 66(c), UCMJ, we affirm the findings and sentence as approved by the convening authority. In so doing, we overrule our prior published opinions in *Carmichael* and *Arnold*, which held that confinement meant to enforce payment of a fine (enforcement confinement) can only be adjudged if punitive confinement is also a part of the adjudged sentence.

We do this for several reasons. First, our Court, as far back as 1953, determined that enforcement confinement is separate and distinct from punitive confinement. In fact, we cited with approval the concept that enforcement confinement is not punishment at all, but rather only a method of enforcing the fine portion of the punishment. *United States v. Sarae*, 9 C.M.R. 633 (A.F.B.R.1953). In so doing, we approved the sentence that contained a fine and enforcement confinement, but no punitive confinement. *Id.* *See also United States v. Tuggle*, 34 M.J. 89, 91 (C.M.A.1992) ("contingent confinement may be used as a sanction for willful failure to pay a fine." (citing *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983))). *Sarae* contained a thorough analysis of enforcement and punitive confinement. As pointed out by William Winthrop, *Military Law and Precedents* 420 (2d ed.1920 reprint):

> In the military, as in the civil, [sic] procedure, where a fine is imposed, it commonly is, and in general properly should be, added in the judgment that the party shall be imprisoned till the fine is paid. But, especially as there is no process known to the military law by which a convict, destitute of means, can, because of his inability, be relieved from an imprisonment imposed for the enforcement of a fine, it is usual and proper in a military sentence to declare that such an imprisonment shall not exceed a certain term of months or years; otherwise—the pardoning power not intervening—the confinement might be indefinitely prolonged. When the imprisonment is intended to be inflicted for a separate purpose of additional punishment, as well as with a view to induce the payment of the fine, the form commonly adopted is to adjudge it for a certain period absolutely, and for such further period as the fine may remain unpaid—the later period, however, not to exceed a certain term specified, or the whole not to exceed a certain term in all.

*Id.* at 638–39. In reading this, it is clear that well before *Sarae*, enforcement confinement could be given either with or without punitive confinement as part of the sentence. Thus, it appears that our two prior published cases, *Carmichael* and *Arnold*, represent a sudden aberration from a long-established principle, as noted by Judge Blommers in his dissent in *Shada*. Further, the only justification provided for the holding in those per curiam opinions was their reading of R.C.M.

1003(b)(3), without an evaluation of the long established precedent.

Second, our prior rulings have the effect of unduly burdening an accused by forcing a court-martial to impose a harsher punishment than it might otherwise, simply in order to ensure payment of a fine. For example, suppose we have a single parent found guilty in a case involving unjust enrichment. The court members or military judge sentencing that individual may very well want to adjudge a fine backed up with enforcement confinement if not paid, but not want to create a sentence which breaks up the family by imposing punitive confinement. Under *Carmichael and Arnold*, such a sentence would not be possible. Either some amount of punitive confinement would have to be imposed or the sentence could not include any enforcement mechanism. We do not believe the Rule was meant to limit a court-martial's sentencing options in that way. As Judge Baker noted in his concurring opinion in *United States v. Campos*, 67 M.J. 330, 334 (C.A.A.F.2009) (citations omitted):

> [M]ilitary sentencing is predicated on the concept of individualized sentencing. Thus, while military judges may bring to their deliberations their knowledge of both the law and human nature, they may not apply sentencing criteria that ignore the concept of individualized sentencing. Military sentencing is based on consideration of individualized factors related to the crime and the character of the offender rather than generalized sentencing theories or principles, with the concept of general deterrence being the notable exception.

Given this guidance, we doubt any interpretation of R.C.M. 1003(b)(3) that limits the flexibility to craft an individualized sentence is the proper way to interpret that Rule.

Third, a plain reading of R.C.M. 1003(c)(1)(A)(ii) (Limits on Punishments) potentially conflicts with the holdings of *Carmichael and Arnold*. That provision reads:

> *Other Punishment.* Except as otherwise specifically provided in this Manual, the types of punishments listed in subsections (b)(1), (3), (4), (5), (6) and (7) of this rule may be adjudged *in addition to or instead of* confinement, forfeitures, a punitive discharge (if authorized) and death (if authorized).

(Emphasis added.).

The above language clearly states that a fine may be given as punishment with or without confinement.[3] There is no limitation. *Carmichael and Arnold* nullify this rule in situations where the sentencing authority merely wants an enforcement mechanism to ensure payment of the fine. Given that enforcement confinement and punitive confinement are distinct and independent concepts, if that result was intended, some specific caveat consistent with *Carmichael* and *Arnold* would surely have been written into the Rule quoted immediately above. Furthermore, our superior court has not used these grounds to set aside sentences for appellants who received contingent confinement with no adjudged punitive confinement. *See Tuggle*, 34 M.J. at 89; *United States v. Hill*, 62 M.J. 271, 272 (C.A.A.F.2006).

For the foregoing reasons, this Court overrules our previous holdings in *Carmichael* and *Arnold*, and holds that R.C.M. 1003(b)(3) permits a court-martial sentence to include confinement designed to enforce collection of a fine without also requiring punitive confinement.

### *Conclusion*

■ The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred.[4] Articles 59(a) and 66(c),

---

**3.** Similarly, the Military Judge's Benchbook instructions do not advise members they must adjudge punitive confinement prior to adjudging enforcement confinement: "In your discretion, you may adjudge a period of confinement to be served in the event the fine is not paid. Such confinement to enforce payment of the fine would be in addition to any other confinement you might adjudge and the fixed period being an equivalent punishment to the fine. The total of

all confinement adjudged, however, may not exceed the maximum confinement for the offense(s) in this case." Department of the Army Pamphlet (D.A.Pam.) 27–9, *Military Judges Benchbook*, ¶ 2.5.22. (1 January 2010) (emphasis added).

**4.** The overall delay of over 18 months between the time the case was docketed at the Air Force Court of Criminal Appeals and completion of review by this Court is facially unreasonable.

UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

Because the delay is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *United States v. Moreno*, 63 M.J. 129, 135–36 (C.A.A.F.2006). When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F.2006). This approach is appropriate in the appellant's case. The post-trial record contains no evidence that the delay has had any negative impact on the appellant. Having considered the totality of the circumstances and the entire record, we conclude that any denial of the appellant's right to speedy post-trial review and appeal was harmless beyond a reasonable doubt.