# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32573**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew G. HEETER**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 August 2020

————————————

*Military Judge:* Jason M. Kellhofer.

*Approved sentence:* Bad-conduct discharge and reduction to E-1. Sentence adjudged 12 December 2018 by SpCM convened at Shaw Air Force Base, South Carolina.

*For Appellant:* Major Yolanda D. Miller, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF*;* Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and RAMÍREZ, *Appellate Military Judges.*

Judge RAMÍREZ delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, pursuant to his pleas, of one charge and one specification of

wrongfully using cocaine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1]

The military judge sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-1. The convening authority approved the sentence.

On appeal, Appellant raises two assignments of error (AOEs): (1) whether civilian trial defense counsel (JP) was ineffective when he (a) advised Appellant that he had ten days from the date JP received the staff judge advocate's recommendation (SJAR) to submit his clemency matters, and (b) requested that the convening authority set aside Appellant's bad-conduct discharge, which was beyond the convening authority's power; and (2) whether new post-trial processing is required because (a) the convening authority denied Appellant the required ten days from the date he received the SJAR to submit clemency matters, and (b) the staff judge advocate (SJA) did not address JP's request in the addendum to the SJAR.[2] Because we find in favor of Appellant as to the second AOE, his first issue is moot and is not addressed in this opinion.[3]

## I. BACKGROUND

On 22 May 2018, Appellant, a technical sergeant who had been in the Air Force for over 15 years, contacted a friend to buy either $40.00 or $60.00 worth of cocaine. They met at a parking lot in Fort Worth, Texas, where Appellant exchanged money for the drugs. Appellant then went home, rolled up some paper, and snorted the entirety of the cocaine he had purchased. The next day, Appellant was selected for urinalysis inspection testing. That urine sample tested positive for the cocaine metabolite at 143,198 nanograms per milliliter—

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial*, *United States* (2016 ed.).

[2] The court notes a separate error in the SJAR. The SJAR states that the maximum imposable sentence includes 12 months confinement, two-thirds forfeitures of pay per month for 12 months, reduction to E-1, three months' hard labor without confinement, two months' restriction, a fine, a reprimand, and a bad-conduct discharge. However, at a special court-martial, Appellant could not have been sentenced to 12 months confinement and either hard labor and/or restriction; nor could he be sentenced to two-thirds forfeitures of pay per month for 12 months and a fine. *See* R.C.M. 1003(b)(3), (5), (6); *United States v. Caldwell*, No. ACM S32561, 2019 CCA LEXIS 485, at *6-8 (A.F. Ct. Crim. App. 10 Dec. 2019) (unpub. op.), *rev. denied*, No. 20-0115, 2020 CAAF LEXIS 151 (C.A.A.F. 19 Mar. 2020). However, because we find in favor of Appellant with regard to the second AOE, the error is moot and we need not address prejudice.

[3] *See United States v. Datavs*, 71 M.J. 420, 426 (C.A.A.F. 2012) (addressing mootness in the context of ineffective assistance of counsel claims); *United States v. Ferris*, 72 M.J. 817, 820 (A.F. Ct. Crim. App. 2013) (holding that an issue is moot when an action of this court would not materially alter the presented issue for either party).

approximately 1,400 times the Department of Defense cutoff for the confirmatory test. At trial, Appellant pleaded guilty to wrongfully using cocaine in violation of Article 112a, UCMJ. His court-martial convened and adjourned on 12 December 2018.

Immediately following the court-martial on 12 December 2018, Appellant was notified of his right to submit matters for the convening authority's consideration before the convening authority took action in his case. Appellant was advised, *inter alia*, that he would have ten days to submit matters from the date he either received a copy of the authenticated record of trial (ROT) or both he and his trial defense counsel received a copy of the SJAR, whichever was later. On 25 January 2019, as part of the Appellant's post-trial clemency process, the SJA signed the SJAR that advised the convening authority that he did "not have the authority to disapprove, commute, or suspend in whole or in part, the bad conduct discharge."

On 29 January 2019, detailed military trial defense counsel signed receipts for copies of the SJAR and the ROT. These documents were also served on JP on 5 February 2019. The legal office subsequently informed JP that the deadline for submission of clemency matters was 15 February 2019, ten days after JP received both the ROT and SJAR. However, Appellant had not yet been served with either the ROT or SJAR.

On 6 February 2019, JP submitted a request for a 20-day extension. On 7 February 2019, the convening authority denied the request in part but granted an extension to 19 February 2019. Appellant still had not been served with the ROT or SJAR when the extension was granted.

On appeal, Appellant submitted a declaration detailing his interactions with JP in preparing and submitting his clemency matters. Specifically, Appellant explained that on 7 February 2019, JP emailed Appellant informing him he had ten days to submit clemency matters. Appellant replied that he had not yet been served. On 8 February 2019, JP informed Appellant of the 19 February 2019 deadline to submit clemency matters.

On 13 February 2019, Appellant received his copy of the SJAR and ROT and asked JP whether they could ask for another extension. JP affirmed that he would request another extension. On 15 February 2019, Appellant sent JP a draft of Appellant's clemency request and informed JP that he was still trying to gather additional character letters. Additionally, Appellant asked JP whether the convening authority only had the authority to give him his rank back. On 15 February 2019, JP prepared his portion of the clemency where he disagreed with the SJAR, arguing in support of disapproving the bad-conduct discharge. Appellant had sent his clemency request to JP, which also included a request to the convening authority to disapprove the bad-conduct discharge

so that he could continue serving in the Air Force, or in the alternative, to "upgrade" the punitive discharge.

On 19 February 2019, Appellant asked JP if they received an extension and informed JP that he was still trying to gather character letters in support of his clemency submission. JP replied in the negative, confirming that clemency was due that day. The request for clemency included a letter from JP, a letter from Appellant, and seven character letters.

On 25 February 2019, the SJA issued an addendum to the SJAR, in which he did not correct JP's erroneous request for the convening authority to set aside the bad-conduct discharge and only remarked that the earlier recommendation remained unchanged. On the same day, the convening authority took action in the case and denied Appellant's request.

## II. DISCUSSION

### A. Law

Whether proper completion of post-trial processing has been accomplished is reviewed de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)).

After a general or special court-martial, the appellant may submit clemency matters within the later of ten days of receiving either the authenticated ROT or the SJAR. Rule for Courts-Martial (R.C.M.) 1105(c)(1). The appellant may request an extension of the time period for which to file the clemency, and it may be granted for up to 20 additional days on top of the original ten-day period. *Id.*

The convening authority may not reduce, commute, or suspend a dishonorable discharge or bad-conduct discharge. Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A); R.C.M. 1107(d)(1)(B)(ii).

Failure of counsel for an appellant to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives, in the absence of plain error, any later claim of error. R.C.M. 1106(f)(6); *see United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). When analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). An appellant must make "some colorable showing of possible prejudice" to meet this burden in the context of a post-trial recommendation error. *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). In terms of how the error potentially affected an appellant's opportunity for clemency, the threshold is low, but there must be some colorable showing of possible prejudice. *Id.* at 437. "The low threshold for material prejudice with respect to an erroneous post-

trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437 (citation omitted).

## B. Analysis

In this case, Appellant claims new post-trial processing is required because (1) the convening authority denied Appellant the required ten days from the date Appellant received the SJAR to submit clemency matters, and (2) the SJA did not correct JP's erroneous request to set aside the bad-conduct discharge in the addendum to the SJAR. We agree as to the first basis, and therefore find it unnecessary to reach the second basis.

As an initial matter, we considered Appellant's declaration to resolve the raised issues. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (Courts of Criminal Appeals may consider affidavits when doing so is necessary for resolving issues raised by materials in the record).

Appellant received the SJAR and ROT on 13 February 2019 and should have been given until at least 23 February 2019 to submit clemency matters. Even considering the partial extension granted by the convening authority, the Government allowed Appellant until only 19 February 2019 to file clemency. It is clear that Appellant was not afforded the proper time required by R.C.M. 1105(c)(1).

The Government's position that the convening authority did not take action until after the ten days expired does not nullify the fact that Appellant was denied his ten-day right to gather and submit clemency matters.

Appellant has demonstrated a colorable showing of possible prejudice because, as he explained, he was still working on his submission and trying to gather additional character letters. Further, Appellant explains that, had he been afforded his legally protected time, he would have discussed his submission in more detail with his attorney and used his clemency request more effectively in an attempt to obtain financial help for his family. Accordingly, we find that in the specific circumstances of this case Appellant has met the low threshold for material prejudice. *See Scalo*, 60 M.J. at 437.

## III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to the Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e).

Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court