# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32641**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Reymundo HERNANDEZ, Jr.**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 August 2020

————————————

*Military Judge:* Bryon T. Gleisner.

*Sentence:* Sentence adjudged 17 December 2019 by SpCM convened at Kirtland Air Force Base, New Mexico. Sentence entered by military judge on 23 January 2020: Bad-conduct discharge, confinement for 6 months, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Captain Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful broadcast of an intimate visual image, in violation of Article 117a, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§ 917a; one specification of indecent recording, and one specification of wrongful broadcast of an indecent recording, both in violation of Article 120c, UCMJ, 10 U.S.C. § 920c; and one specification of obstructing justice, in violation of Article 131b, UCMJ, 10 U.S.C. § 931b.[*]

On 17 December 2019, the military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, reduction to the grade of E-1, and a reprimand. The military judge signed the entry of judgment (EoJ) on 23 January 2020, one day after the convening authority's decision on action.

Both the Government and Defense agreed to a five-page stipulation of fact as part of Appellant's plea agreement. The parties agreed to include six attachments that were admitted into evidence as part of the stipulation. Upon review of the record of trial, we found the attachments to Prosecution Exhibit 1, the stipulation of fact, were not included with the stipulation in the record of trial. These six attachments are described in the stipulation as follows: (1) video of Ms. G and the Appellant; (2) video of Ms. M and the Appellant; (3) select portions of Appellant's interview with the Air Force Office of Special Investigations; (4) Hernandez Air Force IMT 1168; (5) text messages between Ms. M and the Appellant; and (6) Appellant's proffer of information.

Additionally, we note an error in the EoJ which erroneously states that the term of confinement for Charge I and its specification runs consecutively with "Charge II, [Specifications] 2 and 3." This is error because the charge sheet indicates only two specifications (Specifications 1 and 2) of Charge II were referred; there was no third specification.

This case was submitted for our review on its merits without assignment of error. "The standard of review for determining whether post-trial processing was properly completed is de novo." *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). As part of post-trial processing, a complete record of proceedings, including all exhibits and a verbatim transcript, must be prepared for any special court-martial that results in a punitive discharge or more than six months confinement. Article 54(c), UCMJ, 10 U.S.C. § 854; Rule for Courts-Martial (R.C.M.) 1112(b). If a record of trial is incomplete, a superior competent authority may return a record of trial to the military judge for correction. R.C.M. 1112(d).

Pursuant to R.C.M. 1111(c)(1)–(3), the judgment may be modified by

> (1) [t]he military judge who entered a judgment . . . to correct computational or clerical errors within 14 days after judgment

---

[*] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

was initially entered[;] (2) The Judge Advocate General, the Court of Criminal Appeals, and the Court of Appeals for the Armed Forces . . . in the performance of their duties and responsibilities[;] or (3) [i]f a case is remanded to a military judge, the military judge . . . consistent with the purposes of the remand.

Moreover, "[a]ny modification to the judgment of a court-martial must be included in the record of trial." R.C.M. 1111(c)(4).

Further, with respect to the missing attachments to the stipulation of fact, R.C.M. 1112(d)(2) states,

> If the record is incomplete or defective, a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule. The military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. All parties shall be given reasonable access to any court reporter notes or recordings of the proceedings.

Accordingly, the record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d)(2) by reconstructing the portion of the affected exhibit, and to withdraw and substitute a corrected EoJ. Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1111(c), 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court