# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39737 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Austin J. MAURER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 21 June 2022

————————————

*Military Judge:* Wesley A. Braun; Andrew R. Norton (remand).

*Sentence:* Sentence adjudged on 7 May 2019 by GCM convened at Moody Air Force Base, Georgia. Sentence entered by military judge on 3 June 2019 and reentered on 18 February 2020 and 15 June 2021: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful possession of cocaine with intent

to distribute; one specification of wrongful distribution of cocaine on divers occasions; one specification of wrongful distribution of 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions; one specification of wrongful use of cocaine on divers occasions; and one specification of wrongful use of MDMA on divers occasions, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. The PTA had no effect on the sentence the convening authority could approve.

This case is before this court a third time. Appellant initially submitted his case on its merits with no specific assignments of error. However, on 24 January 2020, this court remanded Appellant's case after identifying an error in the entry of judgment (EoJ)—as it did not reference Appellant's request for deferment or the subsequent decision by the convening authority on Appellant's deferment request. *United States v. Maurer*, No. ACM 39737, 2020 CCA LEXIS 25, at *4 (A.F. Ct. Crim. App. 24 Jan. 2020) (order). After this case was remanded and returned for further review,[2] this court found error in the convening authority's action for failure to act on the adjudged sentence, and remanded Appellant's case a second time. *United States v. Maurer*, No. ACM 39737 (f rev), 2021 CCA LEXIS 252, at *7–8 (A.F. Ct. Crim. App. 21 May 2021) (unpub. op.). We find that the new decision on action dated 14 June 2021, and the new EoJ dated 15 June 2021, correct the error regarding the convening authority's failure to take action on Appellant's sentence.

Upon return of the record of trial to our court, Appellant now raises one assignment of error. Appellant asserts that the convening authority failed to comply with a material term of the PTA. Specifically, Appellant contends that the corrected EoJ, dated 15 June 2021, does not reflect that Charge I and its Specification were dismissed *with prejudice* as required by the PTA. Appellant asks that we either correct the EoJ or remand his case, so that the EoJ can be corrected. We agree with Appellant and find remand is appropriate.

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and to the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant again submitted his case before this court on its merits with no specific assignments of error.

## I. BACKGROUND

Pursuant to a PTA, Appellant agreed to plead guilty to the five specifications of violations of Article 112a, UCMJ. Additionally, in his PTA, Appellant also agreed to request trial and sentencing by military judge alone, enter into a reasonable stipulation of fact, and waive all waivable motions. In exchange for Appellant's pleas of guilty and his fulfillment of the other terms of the PTA, the convening authority agreed to withdraw, and dismiss with prejudice, Charge I and its Specification.[3]

Prior to the announcement of findings at Appellant's court-martial, trial counsel requested that the military judge dismiss Charge I and its Specification with prejudice. Subsequently, after announcing the sentence, the military judge granted trial counsel's request to dismiss Charge I and its Specification with prejudice. The corrected EoJ, dated 15 June 2021, identified that Charge I and its Specification were "withdrawn and dismissed" and omitted the words *with prejudice*.

## II. DISCUSSION

"Proper completion of post-trial processing is a question of law that this court reviews *de novo." United States v. Samples,* No. ACM S32657, 2021 CCA LEXIS 463, at *6 (A.F. Ct. Crim. App. 15 Sep. 2021) (unpub. op.) (citing *United States v. Sheffield,* 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho,* 54 M.J. 63 (C.A.A.F 2000))).

"A pretrial agreement in the military justice system establishes a constitutional contract between the accused and the convening authority." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). "In a criminal context, the [G]overnment is bound to keep its constitutional promises." *Lundy*, 63 M.J. at 301. "When an appellant contends that the [G]overnment has not complied with a term of the agreement, the issue of noncompliance is a mixed question of fact and law." *Smead*, 68 M.J. at 59 (citing *Lundy*, 63 M.J. at 301). Appellant has the burden to establish both materiality and noncompliance. *Lundy*, 63 M.J. at 302. "In the event of noncompliance with a material term, we consider whether the error is susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Smead*, 68 M.J. at 59 (citation omitted).

---

[3] Under Charge I and its Specification, Appellant was charged with conspiring to commit wrongful distribution of cocaine with another Airman. The convening authority agreed to dismiss Charge I and its Specification with prejudice after the military judge accepted Appellant's pleas of guilty to the Article 112a, UCMJ, offenses.

The parties agree that the dismissal with prejudice provision of the plea agreement was substantial and material to Appellant's plea of guilty, and the EoJ, dated 15 June 2021, does not reflect that the convening authority complied with that provision. We agree that the provision was material as it provided Appellant protection from facing later prosecution for the charged offense, which the convening authority agreed to dismiss with prejudice. We find the convening authority complied with the provision as the military judge dismissed the affected charge and specification on the record; however, the corrected EoJ does not reflect the convening authority's compliance or demonstrate the actions the military judge took on the record. Therefore, we find remand is appropriate to correct the EoJ. *See Samples*, unpub. op. at *6.

## III. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction or modification of the entry of judgment to resolve a substantial issue as noted above. Article 66(g), UCMJ, 10 U.S.C. § 866(g); Rule for Courts-Martial 1111(c)(3). Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866. Appellate counsel for the Government will inform the court not later than 15 July 2022, in writing, of the status of compliance with the court's decree unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court