# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | No. ACM S32717 |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Quincy A. JONES** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 17 June 2021, a military judge sitting as a special court-martial at Tinker Air Force Base, Oklahoma, convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of four specifications of domestic violence in violation of Article 128b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928b.[*] The military judge sentenced Appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $1,721.00 pay per month for eight months, reduction to the grade of E-1, and a reprimand.

On 26 June 2021, Appellant submitted a clemency request asking the convening authority to "waive all automatic forfeitures of pay for the entire period permissible" under Article 58b(b), UCMJ, 10 U.S.C. 858b(b), and direct payment to his dependents. Additionally, Appellant requested that the convening authority reduce, commute, or suspend the adjudged forfeiture in pay and the adjudged reduction in grade. Appellant's clemency memorandum also explained that if his adjudged reduction in grade was executed, the maximum amount that could go to his dependents would be reduced from $1,721.00 per month to $1,190.00 per month.

On 20 July 2021, the convening authority took no action on the findings, but granted Appellant's request to suspend adjudged forfeitures and waive automatic forfeitures for benefit of Appellant's children. In the Decision on Action (DoA) memorandum, the convening authority directed that $1,721.00 pay per month be paid to Appellant's dependents, effective the date the military judge entered judgment. However, the convening authority's DoA memorandum did not address Appellant's request to reduce, commute, or suspend the adjudged

---

[*] References to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

reduction in grade, while noting that "[Appellant] did not request any deferments of confinement, forfeitures, or reduction in grade."

On 6 August 2021, the military judge signed the entry of judgement. In the judgement, the military judge noted that Appellant's sentence included a reduction in grade to E-1, while at the same time directing that $1,721.00 of Appellant's pay per month, be paid to Appellant's dependents.

Appellant contends that the convening authority erred in his DoA memorandum because he did not specifically address Appellant's requested action on the adjudged reduction in grade. Appellant asks that we return the case for new action, consistent with the convening authority's intent to direct $1,721.00 pay per month to Appellant's dependents. The Government agrees that "[d]ue to the ambiguity surrounding the convening authority's intent in this case," returning the case to the convening authority is appropriate.

Whether proper post-trial processing occurred is a question we review de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Where the convening authority's action is "incomplete, ambiguous, or contains clerical error, the authority who took the incomplete, ambiguous or erroneous action may be instructed by a reviewing authority to withdraw the original action and substitute a corrected action." *United States v. Captain*, 75 M.J. 99, 105 (C.A.A.F. 2016) (internal quotation marks, citation, alteration, and omission omitted).

We agree with the parties that the convening authority's action is ambiguous and that return of the record to the convening authority for new post-trial processing is required. We note that, based on the adjudged reduction in grade, the sentence adjudged at trial exceeded the jurisdictional limit of a special court-martial. The military judge in this case sentenced Appellant to forfeit $1,721.00 pay per month for eight months, which was two-thirds of Appellant's base pay per month at the grade of E-4. Under Rule for Courts-Martial (R.C.M.) 1003(b)(2), "the maximum forfeiture shall be based on the grade to which the accused is reduced." In this case, Appellant was reduced to the grade of E-1; accordingly, the maximum forfeiture that could be adjudged was $1,190.00 pay per month for eight months.

Accordingly, it is by the court on this 7th day of November, 2022,

**ORDERED:**

Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to correct the record under R.C.M. 1112(d) to resolve a substantial issue with the post-trial processing, insofar as the convening authority's intent on Appellant's requested action on the adjudged reduction in grade is not clear, and any action by the convening authority on the adjudged reduction is not reflected in the entry of judgment.

The court's remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for new post-trial processing consistent with this order, specifically articulating the decision of the convening authority with respect to Appellant's reduction in grade;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to this court not later than **7 December 2022** for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d). If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **5 December 2022** of the status of the Government's compliance with this order.

FOR THE COURT

ANTHONY F. ROCK, Maj, USAF
Acting Clerk of the Court