# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MATTHEW M. SMITH**
**United States Army, Appellant**

ARMY 20150254

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate (pretrial)
Colonel Susan K. Arnold, Staff Judge Advocate (post-trial and addendum)

For Appellant: Colonel Mary Bradley, JA; Major Christopher Coleman, JA; Captain John L. Schriver, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Anne C. Hsieh, JA, Captain Steve T. Nam, JA (on brief).

25 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of rape, violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012 & Supp. I 2014) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant, in his sole assignment of error, asserts he did not receive a meaningful opportunity to obtain clemency because the staff judge advocate (SJA) erroneously advised the convening authority that clemency in appellant's case was not permissible. We agree.

**LAW AND DISCUSSION**

Appellant pleaded guilty to raping the victim, Ms. SS, between on or about 28 April 2014 and on or about 15 May 2014. He was sentenced on 14 April 2015.

In her 30 April 2015 post-trial recommendation made pursuant to Rule for Court-Martial [hereinafter R.C.M.] 1106 (SJAR), the SJA recommended the convening authority approve the findings and sentence as adjudged. On 29 June 2015, appellant, in matters submitted matters pursuant to R.C.M. 1105 and 1106, requested the convening authority grant clemency in the form of a release from confinement with time served. In the addendum to the SJAR (Addendum), the SJA, citing to Article 60(c), UCMJ, disagreed that "such clemency is either warranted *or permissible*." (emphasis added). The convening authority subsequently approved the adjudged findings of guilty and sentence. As the staff judge advocate only provided this legal advice in the addendum, appellant did not waive or forfeit this error by failing to raise the matter to the convening authority. *See* R.C.M. 1106(f)(6).

We review unforfeited errors in post-trial processing de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). The SJA improperly advised the convening authority that clemency in appellant's case was not permissible. R.C.M. 1107(d)(1)(B) (2016 ed.) now prohibits the convening authority in most instances from taking any action to "disapprove, commute, or suspend in whole or in part that portion of the sentence" which includes confinement for more than six months or a punitive discharge. However, this limitation to the convening authority's discretion as to action on the sentence does not apply where "at least one offense resulting in a finding of guilty occurred prior to 24 June 2014," in which case the prior version of R.C.M. 1107 applies. *See* R.C.M. 1107, note.

Given appellant's offense occurred prior to 24 June 2014, the convening authority had the discretion in taking action on appellant's case to disapprove some or all of the adjudged sentence to confinement. *See* R.C.M. 1107(d)(1) (2012 ed.). We will not speculate as to what action the convening authority would have taken in this case when he was not provided the full range of options legally available to him in assessing appellant's clemency request. We therefore grant relief as directed in our decretal paragraph.

**CONCLUSION**

The convening authority's action, dated 12 August 2015, is set aside. The record of trial is returned to the Judge Advocate General for a new SJAR, Addendum, and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.



FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court