# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38901**

———————————

**UNITED STATES**
*Appellee*

**v.**

**David L. HELM**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 February 2017

———————————

*Military Judge:* Vance H. Spath (sitting alone).

*Approved sentence:* Dishonorable discharge, confinement for 25 years, and reduction to E-1. Sentence adjudged 24 August 2015 by GCM convened at Scott Air Force Base, Illinois.

*For Appellant:* Major Thomas A. Smith, USAF.

*For Appellee:* Colonel Laura J. Megan-Posch USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*

Senior Judge J. BROWN delivered the opinion of the Court, in which Chief Judge DREW and Judge MINK joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

J. BROWN, Senior Judge:

At a judge alone general court-martial, Appellant was convicted, consistent with his pleas, of desertion, rape of a child, assault consummated by a battery against that same child, wrongfully filming the private area of an adult without her consent, and wrongfully broadcasting a recording of the private area of an adult without her consent, in violation of Articles 85, 120b, 128, and 134,

UCMJ, 10 U.S.C. §§ 885, 920b, 928, 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to E-1. All of the adjudged and mandatory forfeitures were deferred until action. The convening authority waived the mandatory forfeitures for a period of six months for the benefit of Appellant's dependents, and approved only that portion of the sentence that included a dishonorable discharge, confinement for 25 years, and a reduction to E-1.

On appeal, Appellant's sole assignment of error is that the staff judge advocate's recommendation (SJAR) incorrectly advised the convening authority that a dishonorable discharge was a mandatory punishment for these offenses. Finding no prejudice, we affirm the findings and sentence.

## I. BACKGROUND

All of Appellant's crimes were committed prior to 24 June 2014. The SJAR advised that a dishonorable discharge was mandatory for his offense under Article 120, UCMJ. The Government concedes, and we agree, that this advice was erroneous as a punitive discharge was not a mandatory offense for these crimes since they were committed prior to 24 June 2014.

In Appellant's written clemency response, Appellant's counsel correctly told the convening authority that "there is no mandatory minimum sentence requirement of a dishonorable discharge in this case . . . given the pre-24 June 2014 date of the offenses." Appellant's sole request in clemency was to set aside that part of the sentence which called for a reduction in rank and forfeiture of all pay and allowances. This request was for the purpose of providing the greatest amount of financial support for Appellant's dependents.

The addendum to the SJAR stated that Appellant did not assert any legal errors and failed to comment on whether a dishonorable discharge was a mandatory sentence for these offenses. The convening authority then followed the SJAR by approving only so much of the punishment that included a dishonorable discharge, 25 years of confinement, and reduction in rank to E-1. The convening authority did not grant Appellant's request to set aside the reduction in rank. The convening authority did waive the automatic forfeitures for the benefit of Appellant's dependents for the maximum allowable time.

---

[1] As a condition of the pretrial agreement, the Government dismissed with prejudice two specifications of sexual assault upon an adult, a specification of sexual assault of a child, a specification of sexual abuse of a child, and a specification of assault consummated by a battery against an adult, in violation of Articles 120, 120b, and 128, UCMJ, 10 U.S.C. §§ 920, 920b, 928.

**II. DISCUSSION**

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

The National Defense Authorization Act for Fiscal Year 2014 (FY 14 NDAA) created a mandatory minimum sentence of a dismissal or dishonorable discharge for rape of a child. Pub. L. No. 113-66, § 1705(a), 127 Stat. 672, 959 (2013). Pursuant to section 1705(c) of the FY 14 NDAA, this amendment did not take effect until 24 June 2014, 180 days after the FY 14 NDAA was enacted. *Id.* at 960. As Appellant's crimes were committed prior to the effective date of FY 14 NDAA, the SJAR was incorrect when it advised the convening authority that a dishonorable discharge was a mandatory portion of the punishment. This SJAR error was plain and obvious.

Nevertheless, Appellant must still demonstrate a colorable showing of prejudice to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to the [appellant]" had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988).

The Government was able to demonstrate that the error did not prejudice Appellant. It is not necessary to speculate about "what could have been" as the convening authority provided that very information through submission of an affidavit to this court. In the affidavit, the convening authority stated that he specifically remembered this case and the action he took in the case. He then swore as follows:

> In the SJAR, I was advised that given the offenses for which the Accused was found guilty, a dishonorable discharge was mandatory. I have since been advised that this was an erroneous statement. I take my role as the convening authority very seriously. Although that statement in the SJAR was erroneous, given the gravity and nature of the Accused's offenses, and reviewing the record as a whole, even if that language had not been in the SJAR, I would have still approved the dishonorable discharge, as adjudged by the military judge.

As Appellant is unable to demonstrate a colorable showing of prejudice, he cannot prevail on this issue.[2]

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[2] Appellant also makes a passing reference to the erroneous statement in the addendum to the staff judge advocate's recommendation (SJAR) that the Defense raised no legal errors in their clemency submission, despite the clemency submission's correct assertion that a punitive discharge was not a mandatory punishment. The failure to address a defense claim of legal error in an addendum to an SJAR can be remedied through appellate litigation of the claimed error. *United States v. Hamilton*, 47 M.J. 32, 35–36 (C.A.A.F. 1997). It is appropriate for this court to consider whether any prejudice may have resulted from the failure to address the defense claims of legal error in the addendum to the SJAR. *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). Appellant has raised this issue on appeal and, for the reasons previously stated, Appellant was not prejudiced by this omission.