# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CHRISTOPHER T. BROWN**
**United States Army, Appellant**

ARMY 20170009

Headquarters, Fort Carson
Tiernan Dolan, Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Tiffany M. Chapman, JA; Captain Bryan Osterhage, JA; Captain Augustus Turner, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA, Lieutenant Colonel Teresa T. Phelps, JA (on brief).


30 January 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of sexual abuse of a child, one specification of receiving child pornography, and one specification of soliciting another to produce and distribute child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b, 934.  The military judge sentenced appellant to a dishonorable discharge and confinement for seventy-two months.  In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge and confinement for five years.

This case is before us for Article 66, UCMJ, review.  Appellant, in his sole assignment of error, asserts the addendum to the staff judge advocate's recommendation deprived appellant of the opportunity to receive meaningful post-trial relief.  We agree.

BROWN—ARMY 20170009

**LAW AND DISCUSSION**

Both appellant and the government agree the staff judge advocate's addendum improperly informed the convening authority he was limited in granting post-trial relief by "the amendments to Article 60, UCMJ, implemented by Section 1702 of the National Defense Authorization Act of 2014 and Rule for Courts-Martial (R.C.M.) 1107(d)(1)(B)." The parties agree such a limitation on the convening authority's action was inapplicable because appellant was convicted of at least one offense that occurred before 24 June 2014. Unsurprisingly, the parties disagree with respect to both prejudice and the remedy.

As the staff judge advocate only provided this legal advice in the addendum, appellant did not waive or forfeit this error by failing to raise the matter to the convening authority. *See* R.C.M. 1106(f)(6). We review unforfeited errors in post-trial processing de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).

Appellant was convicted of sexual abuse of a child occurring between on or about 1 August 2013 and on or about 27 March 2014. The limitation to the convening authority's discretion as to action on the findings and sentence does not apply where "at least one offense resulting in a finding of guilty occurred prior to 24 June 2014," in which case the prior version of R.C.M. 1107 applies. *See* R.C.M. 1107, note. Thus, the convening authority had the discretion in taking action on appellant's case to disapprove some or all of both appellant's findings and sentence. *See* R.C.M. 1107(c), (d)(1) (2012 ed.).

We find unpersuasive the government's argument that return of the case to the convening authority is unnecessary. We will not speculate as to what action the convening authority would have taken in this case when he was not provided the full range of options legally available to him in assessing appellant's clemency request. We therefore grant relief as directed in our decretal paragraph.

**CONCLUSION**

The convening authority's action, dated 4 May 2017, is set aside. The record of trial is returned to the Judge Advocate General for a new SJAR, Addendum, and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2