# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**No. ACM S32584**

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Donovan T. SNOW**
Airman Basic (E-1), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 19 August 2020

―――――――――――――

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 100 days, and a reprimand. Sentence adjudged 20 December 2018 by SpCM convened at Mountain Home Air Force Base, Idaho.

*For Appellant:* Major M. Dedra Campbell, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, USAF.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

PER CURIAM:

A special court-martial composed of a military judge sitting alone, convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of five specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; three specifications of dereliction in the performance of his duties in violation of Article 92, UCMJ, 10 U.S.C. § 892; one specification of wrongful use of marijuana, in violation of

Article 112a, UCMJ, 10 U.S.C. § 912a; and one specification of breaking restriction in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] Charge IV and its specification, alleging a violation of Article 128, UCMJ, 10 U.S.C. § 928, was withdrawn and dismissed with prejudice following the acceptance of Appellant's pleas of guilty to the other charges and specifications in accordance with the terms of the PTA. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 100 days, and a reprimand. The convening authority approved the adjudged sentence.

Appellant does not challenge the findings or sentence of his court-martial, and we find them correct in both law and fact. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Instead, Appellant asserts error in the court-martial order (CMO) in that it fails to correctly summarize some of the charges and specifications in accordance with Rule for Courts-Martial (R.C.M.) 1114(c)(1). Specifically, Appellant states the alleged location and timeframe are missing from Specifications 1 through 5 of Charge I,[2] Specifications 1 through 3 of Charge II, and the Specification of Charge V. Additionally, the Specification of Charge III omits "2018" after "1 September." Appellant contends these omissions fail to accurately summarize the charges. We agree.

The standard of review for determining whether post-trial processing was properly completed is de novo. *United States v. Sheffield,* 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). In this case, the record is clear and none of the noted errors require new post-trial processing. Appellant has not alleged, nor do we find, these errors materially prejudiced a substantial right. We direct a corrected CMO to include the language of the alleged location and proper timeframes in Specifications 1 through 5 of Charge I, Specifications 1 through 3 of Charge II, and the Specification of Charge V, and to include "2018" following the charged timeframe of "1 September" in the Specification of Charge III.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Each specification of Charge I listed on the CMO properly identifies when Appellant's absence ended, but does not identify the date on which Appellant absented himself.

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court