# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32637

————————————

### UNITED STATES
*Appellee*

**v.**

### Alejandro L. PEREZ
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 June 2021

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged 14 November 2019 by SpCM convened at Beale Air Force Base, California. Sentence entered by military judge on 28 November 2019: Bad-conduct discharge, confinement for 150 days, forfeiture of $1,120.00 pay per month for 5 months, and reduction to E-1.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with Appellant's pleas, pursuant to a plea agreement, a special court-martial composed of a military judge sitting alone found Appellant guilty of one specification of wrongful possession of cocaine, one specification of wrongful use of cocaine, and one specification of wrongful use of methamphetamine, all in violation of Article 112a, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 912a; and one specification of failure to obey a lawful order, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1] As part of his plea agreement with the convening authority, Appellant waived his right to trial by members and requested to be tried by military judge alone. Appellant also agreed to plead guilty to all but one of the specifications; the one specification was withdrawn and dismissed upon the military judge's acceptance of Appellant's guilty plea. The military judge sentenced Appellant to a total of 150 days of confinement; to forfeit $1,120.00 of his pay per month for five months; and a bad-conduct discharge. The military judge awarded Appellant with 56 days of pretrial confinement credit.

Both the Government and Defense agreed to a four-page stipulation of fact as part of Appellant's plea agreement which was marked as Prosecution Exhibit 1. As part of this stipulation, the parties agreed to include six attachments that were admitted into evidence. However, upon review of the record of trial, we found the attachments to Prosecution Exhibit 1 were not included with the stipulation in the original record of trial filed with the court. The six attachments are described as follows:

(1) Positive Drug Urinalysis Result, dated 19 August 2019;

(2) Order to Remain on Base, dated 6 September 2019;

(3) Order to Remain on Base – Extension, dated 18 September 2019;

(4) Positive Cocaine Results from LabCorp Test, dated 19 September 2019;

(5) DBIDS[2] Record, dated 13 September 2019; and

(6) DFSC[3] Drug Test Results (Cocaine), dated 27 September 2019.

"The standard of review for determining whether post-trial processing was properly completed is de novo." *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F.

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] DBIDS stands for Defense Biometric Identification System. It is a system used to identify stolen military identification cards, individuals barred from military installations, and other similar purposes.

[3] DFSC stands for Defense Forensic Science Center.

2000)). As part of post-trial processing, a complete record of proceedings, including all exhibits and a substantially verbatim recording of the court-martial proceeding, must be prepared for any special court-martial that results in a punitive discharge or more than six months confinement. Article 54(c), UCMJ, 10 U.S.C. § 854; Rule for Courts-Martial (R.C.M.) 1112(b). If a record of trial is incomplete, a superior competent authority may return a record of trial to the military judge for correction. R.C.M. 1112(d). Corrective action as may be taken by a military judge includes "reconstructing the portion of the record affected." R.C.M. 1112(d)(3)(A).

Furthermore, with respect to the missing attachments to the stipulation of fact, R.C.M. 1112(d)(2) states that "[t]he military judge shall give notice of the proposed correction to all parties and permit them to examine and respond to the proposed correction. All parties shall be given reasonable access to any court reporter notes or recordings of the proceedings."

Accordingly, the record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) by reconstructing the portion of the affected exhibit. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2), (3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court