# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32517

————————————

### UNITED STATES
*Appellee*

**v.**

### Paxton C. REEVES
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 September 2018

————————————

*Military Judge:* Bradley A. Morris.

*Approved sentence:* Bad-conduct discharge, confinement for 100 days, forfeiture of $600.00 pay per month for 3 months, reduction to E-1, and a reprimand. Sentence adjudged 22 February 2018 by SpCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of one specification of dereliction of duty by underage drinking on divers occasions, one specification of wrongfully distributing a Schedule IV controlled substance

(Xanax) on divers occasions, one specification of wrongfully distributing marijuana on divers occasions, one specification of wrongfully using marijuana on divers occasions, one specification of wrongfully possessing marijuana, and one specification of drunk and disorderly conduct, in violation of Articles 92, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 92, 112a, 134. After the military judge accepted Appellant's guilty pleas, and in accordance with the PTA, a second specification of dereliction of duty and one specification of wrongfully using Xanax in violation of Articles 92 and 112a, UCMJ, were dismissed. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 100 days, forfeiture of $600.00 pay per month for three months, reduction to the grade of E-1, and a reprimand. The convening authority approved the adjudged sentence.

Appellant's case was submitted to this court for review on its merits without any assignments of error. However, we address an error in the post-trial processing of Appellant's court-martial.

The staff judge advocate's recommendation (SJAR) to the convening authority identified the charges and specifications that were referred to trial. However, it failed to note that two of those specifications were subsequently dismissed in accordance with the PTA. The SJAR further stated, incorrectly, "[t]here was a pretrial agreement in this case where [Appellant] agreed to plead guilty to *all* charges and specifications." (Emphasis added.) Thus, the SJAR conveyed the impression Appellant had been convicted of eight specifications when in fact he had only been convicted of six. This was error.[*]

However, Appellant has not asserted, and we do not find, any colorable showing of possible prejudice from the error under the facts of this case. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). First, the report of result of trial (RRT) attached to the SJAR correctly indicated that Specification 1 of Charge I and Specification 3 of Charge II had been dismissed. Second, the clemency memorandum the trial defense counsel submitted to the convening authority in accordance with Rule for Courts-Martial 1105 correctly recited the specifications of which Appellant had been convicted. Third, the correct information in the RRT and clemency request likely resonated with the convening

---

[*] The SJAR also incorrectly stated the convening authority had "the authority to approve or dismiss the finding[s] of guilt," and to "disapprove, commute, or suspend the adjudged sentence [including the bad-conduct discharge] in whole or in part without limitation." In light of the limitations on the convening authority's ability to modify the findings and sentence of a court-martial identified in Rule for Courts-Martial 1107(c) and (d), this advice was erroneous (albeit favorable to Appellant). However, the staff judge advocate subsequently corrected these errors in an addendum to the SJAR.

authority because he had personally signed the PTA which stated the two specifications would be dismissed. Considering these facts in light of all the circumstances of the case, including the PTA and the sentence adjudged, we are convinced there is no colorable showing of possible prejudice from the SJAR error.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court