# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32541

————————————

### UNITED STATES
*Appellee*

**v.**

### Anthony M. BALIDO
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 February 2019

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 70 days, and reduction to E-1. Sentence adjudged 25 June 2018 by SpCM convened at Travis Air Force Base, California.

*For Appellant:* None.[1]

————————————

[1] On 25 June 2018, the same date as the announcement of sentence, Appellant executed an Air Force Form 304, *Request for Appellate Defense Counsel* (May 2000) (AF Form 304), electing not to request appellate defense counsel to represent him before this court. The AF Form 304 not only provides a means by which an appellant may request or decline appellate counsel, but also includes a declaration that the signatory understands that he or she is entitled to request appellate defense counsel, and that he or she is also entitled to retain civilian counsel at no expense to the Government. In *United States v. Xu,* 70 M.J. 140 (C.A.A.F. 2011) (mem.), the United States Court of Appeals for the Armed Forces concluded that an appellant's waiver of appellate review prior to the convening authority's action was premature. On 27 July 2017, the same day the convening authority took action in this case, Appellant executed a second AF Form 304 and again elected not to request appellate defense counsel. Appellant's case was docketed with this court on 24 August 2018. As of the date of this decision, the court has not received a notice of appearance from any counsel or any pleading filed on behalf of Appellant. The court has also not received a waiver or request to withdraw the case from appellate review.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866. Accordingly, the approved findings and sentence are **AFFIRMED**.[2]



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

_____

[2] The staff judge advocate's recommendation (SJAR) to the convening authority (CA) properly advised the CA to reduce the adjudged confinement from 90 days to 70 days in accordance with a pretrial agreement. Inconsistently and incorrectly, the SJAR also recited that the CA lacked the authority to "disapprove, commute or suspend in whole or in part the confinement . . . ." *See* 10 U.S.C. § 860(c) (2018). In addition, the SJAR erroneously stated the maximum imposable punishment included, *inter alia*, forfeiture of two-thirds of Appellant's pay per month for 12 months *and* a fine. *See* Rules for Courts-Martial (R.C.M.) 201(f)(2)(B)(i), 1003(b)(3); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017) (unpub. op.). However, Appellant affirmatively waived his right to submit clemency matters to the CA pursuant to R.C.M. 1105, and the CA did reduce Appellant's term of confinement from 90 days to 70 days in accordance with the pretrial agreement. Appellant has not asserted and we do not find any colorable showing of possible prejudice from these errors under the facts of this case. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000).