# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――

## No. ACM S32657

―――――――――

## UNITED STATES
*Appellee*

**v.**

## Jayden M. SAMPLES
Airman Basic (E-1), U.S. Air Force, *Appellant*

―――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 15 September 2021

―――――――――

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged 28 May 2020 by SpCM convened at Eielson Air Force Base, Alaska. Sentence entered by military judge on 10 June 2020: Bad-conduct discharge, confinement for 30 days, forfeiture of $500.00 pay per month for two months, and a reprimand.

*For Appellant:* Major Jenna M. Arroyo, USAF; A. Elizabeth Tarvin.[1]

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

―――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――

―――――――――

[1] Ms. Tarvin was a legal intern supervised by attorneys admitted to practice before this court, in accordance with Rule 14.1(c) of this court's Rules of Practice and Procedure.

MEGINLEY, Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of marijuana on divers occasions and one specification of wrongful use of oxycodone on divers occasions, both in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; one specification of attempting to wrongfully possess oxycodone, in violation of Article 80, UCMJ, 10 U.S.C. § 880; and one specification of failure to go to his appointed place of duty at the time prescribed, in violation of Article 86, UCMJ, 10 U.S.C. § 886.[2]

Appellant raises three assignments of error (AOEs), all related to the post-trial processing of his case: (1) whether the convening authority's failure to unambiguously dismiss with prejudice Charges I, IV, and V, and their specifications, as well as Specification 2 of Charge II, as reflected on the entry of judgment (EoJ), constituted noncompliance with a material term of the plea agreement between Appellant and the convening authority; (2) whether the convening authority erred by failing to make a decision, or alternatively, by failing to provide his reasons for denying Appellant's request to defer his adjudged forfeitures of pay; and (3) whether the convening authority erred by failing to provide Appellant notice of, and reasons for, the denial of Appellant's request to defer automatic forfeitures and waive automatic forfeitures for the benefit of his dependent. We have carefully considered issue (2)[3] and find this issue does not warrant further discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

Regarding Appellant's first AOE, we find error with the EoJ and remand Appellant's record of trial to the Chief Trial Judge, Air Force Trial Judiciary,

---

[2] All offenses occurred on or after 1 January 2019. Thus, all references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). Further, the Military Justice Act of 2016, National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016), as fully implemented by Exec. Order 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018), applied to Appellant's court-martial and post-trial processing.

[3] In his submission of post-trial matters, Appellant requested the convening authority take action by reducing, commuting, or suspending his adjudged forfeitures of pay. Appellant did not, however, request a deferment of his adjudged forfeitures pursuant to Article 57(b), UCMJ, 10 U.S.C. § 857(b), or, R.C.M. 1103(b). We decline to infer Appellant requested deferment of adjudged forfeitures when he did not expressly do so.

for correction of the EoJ. As for his third AOE, although we find error, we find that Appellant did not suffer material prejudice to a substantial right.

## I. BACKGROUND

Appellant initially faced six charges with a total of eight specifications. As part of his plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. Thus, the provisions outlined in Rule for Courts-Martial (R.C.M.) 705, *Plea agreements*, and R.C.M. 1002(d)(2), *Sentencing determination*, applied to Appellant's case.[4] Appellant agreed to plead guilty to the charges and specifications previously listed and not guilty to the following charges and specifications: Charge I and its Specification, in violation of Article 107, UCMJ, 10 U.S.C. § 907; Specification 2 of Charge II, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a; Charge IV and its Specification, in violation of Article 131b, 10 U.S.C. § 931b; and Charge V and its Specification, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant also pleaded guilty to an Additional Charge with one specification, in violation of Article 134, UCMJ. However, the military judge did not find Appellant's guilty plea to the Additional Charge and its Specification to be provident based on the charge being preempted by another UCMJ article, and he granted a defense request to dismiss the Additional Charge and its Specification, without prejudice, for failing to state an offense. Appellant and the convening authority subsequently agreed to a new written plea agreement which omitted any reference to the Additional Charge.

On 28 May 2020, the military judge sentenced Appellant to a bad-conduct discharge, a total of 30 days of confinement, forfeiture of $500.00 pay per month for two months, and a reprimand.[5] Appellant was credited with seven days against his sentence for time served in pretrial confinement. On 10 June 2020, the convening authority signed a Decision on Action memorandum in which he indicated he took no action on Appellant's sentence. The military judge signed the EoJ the same day.

---

[4] *See* Exec. Order 13,825, §§ 5, 10, 83 Fed. Reg. at 9890–91.

[5] The total amount of confinement was not to exceed 60 days, per the plea agreement, with all terms of confinement to run concurrently.

## II. DISCUSSION

### A. Plea Agreement and EoJ Errors

#### 1. Additional Background

As part of the plea agreement, upon the military judge's acceptance of Appellant's plea of guilty to Specifications 1 and 3 of Charge II, Charge III and its Specification, and Charge VI and its Specification, the convening authority agreed to withdraw and dismiss—*with prejudice*—Charge I and its Specification, Specification 2 of Charge II, Charge IV and its Specification, and Charge V and its Specification. After the court issued its findings, trial counsel moved to withdraw and dismiss with prejudice those charges and specifications; that request was granted. There is no indication that Appellant failed to cooperate with any of the provisions of the plea agreement.

However, the EoJ only states those charges and specifications were "withdrawn and dismissed after arraignment" and does not indicate whether the dismissals were with or without prejudice, implying they were dismissed without prejudice. Additionally, the EoJ states the Additional Charge and its Specification were "[d]ismissed by Military Judge after arraignment;" it does not note that dismissal was without prejudice.[6]

#### 2. Law and Analysis

Since the implementation of the Military Justice Act of 2016, servicemembers facing trial by court-martial may enter into plea agreements with convening authorities; prior to the act's implementation, such agreements were known as pretrial agreements (PTAs). We find our superior court's precedent with respect to PTAs instructive when interpreting plea agreements. "A pretrial agreement in the military justice system establishes a constitutional contract between the accused and the convening authority." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citing *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006)). "In a criminal context, the [G]overnment is bound to keep its constitutional promises." *Lundy*, 63 M.J. at 301. "When an appellant contends that the [G]overnment has not complied with a term of the agreement, the issue of noncompliance is a mixed question of fact and law." *Smead*, 68 M.J. at 59 (citing *Lundy*, 63 M.J. at 301). Appellant has the burden to establish both materiality and non-compliance. *Lundy*, 63 M.J. at 302. "In the event of noncompliance with a material term, we consider whether the error is

---

[6] The Government concedes the EoJ is incorrect and asks this court to correct the errors; we decline to do so. Conversely, Appellant has asked the court to dismiss the pertinent charges and specifications; however, as the Government points out, taking this action is moot, given that the Government already did so on the record.

susceptible to remedy in the form of specific performance or in the form of alternative relief agreeable to the appellant." *Smead*, 68 M.J. at 59 (citation omitted).

Proper completion of post-trial processing is a question of law that this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (2000)). We also review de novo interpretation of a statute, *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted), and interpretation of a Rule for Courts-Martial, *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

"The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2). "A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." *Id.* "Such superior competent authorities may also return the [record of trial] back to the Chief Trial Judge, [Air Force Trial Judiciary], for correction of any defective record." Department of the Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 13.53.3.3.1, Attachment 1 (18 Jan. 2019, as amended by Department of the Air Force Guidance Memorandum 2021-02, 15 Apr. 2021). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3).

Appellant argues the dismissal with prejudice provision of the plea agreement was material to his plea of guilty because it provided him the necessary assurance that he would not later face prosecution for the charged offenses for which there was an agreement to dismiss with prejudice. We agree. The aforementioned errors in the EoJ do not accurately reflect the results of the court-martial and are within this court's authority to direct correction.

We therefore direct a corrected EoJ to change the language of the findings to "withdrawn and dismissed with prejudice after arraignment" for Charge I and its Specification, Specification 2 of Charge II, Charge IV and its Specification, and Charge V and its Specification. We also note that the Specification of Charge VI is missing the following language on both the EoJ and Statement of Trial Results: "at or near Eielson AFB, Alaska." While a summary of the charges and specifications is sufficient for these documents, we note this language may be added when correcting the EoJ. *See* R.C.M. 1101(a)(1(A); 1111(b)(1)(A).

5

**B. Convening Authority Action**

**1. Additional Background**

On 5 June 2020, trial defense counsel submitted a request for deferment of automatic forfeiture of pay and waiver of automatic forfeiture of pay. Specifically, Appellant requested the convening authority to (1) defer automatic forfeitures pursuant to R.C.M. 1103(b) and Article 57(b), UCMJ, until entry of judgment, and (2) waive automatic forfeitures pursuant to R.C.M. 1103(h) and Article 58b, UCMJ, for the benefit of Appellant's spouse. At the end of the request, trial defense counsel summarized the Defense's request to the convening authority: "[T]he Defense respectfully requests that you grant [Appellant's] request for deferment of automatic forfeitures and waiver of automatic forfeitures."

The convening authority denied Appellant's request for deferment and waiver of automatic forfeitures. In doing so, the convening authority stated that Appellant had not "shown that the interests of the [Appellant] and the community, in deferment or waiver, outweigh[ed] the community's interests in imposing the punishment, and doing so on its effective date." In his Decision on Action, the convening authority took no action on the sentence.

Appellant asserts that the convening authority erred by failing to provide his notice of his denial and his reasons for the denial to Appellant in response to Appellant's request to defer automatic forfeitures and waive automatic forfeitures for the benefit of his dependent spouse. There is no indication in the record that Appellant received the convening authority's denial of his request.[7]

**2. Law and Analysis**

"The action of the authority acting on the deferment request *shall be in writing*. A copy of the action on the deferment request, to include any rescission, shall be included in the record of trial and a copy *shall be provided to the accused* and to the military judge." R.C.M. 1103(d)(2) (emphasis added); *see also United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018) (noting that action by convening authority on deferment requests shall be in writing and provided to an accused). However, "[t]here is no requirement that a convening authority's decision on *waiver* be written, served on the accused, made a part of the record, or contain a rationale for denial." *United States v. Ed-*

---

[7] This denial is not dated; however, the EoJ states the convening authority considered all matters timely submitted by Appellant and made his decision on action on 10 June 2020. The Government concedes it has no evidence Appellant ever received a copy of this denial.

*wards*, 77 M.J. 668, 670 (A.F. Ct. Crim. App. 2018). Further, "a convening authority's decision on *waiver* of mandatory forfeitures is not subject to judicial review for abuse of discretion." *Id.* (citation omitted); *see also* Article 58b(b), 10 U.S.C. § 858b(b) (discussing requests for waiver of automatic forfeitures but lacking any requirement of written action for these requests); R.C.M. 1103(h) (also failing to include any requirement of written action for these requests).

The convening authority's denial of Appellant's deferment and waiver of automatic forfeitures was recorded in the record of trial, but was not recorded in the convening authority's Decision on Action memorandum, nor in the EoJ.[8] Rule for Courts-Martial 1111(b)(3) requires the EoJ to reflect the convening authority's action on Appellant's request for deferment and waiver of automatic forfeitures. The Government concedes the failure was an error. We direct correction of this error.

It was also an error to fail to directly provide Appellant a copy of the convening authority's decision on the deferment request. However, Appellant must make a colorable showing of possible prejudice. *See United States v. Lopez*, No. ACM S32597 (f rev), 2021 CCA LEXIS 349, at *9 n.10 (A.F. Ct. Crim. App. 9 Jul. 2021) (unpub. op.).[9] Appellant only asked for deferment of automatic forfeitures until action by the convening authority, but that action occurred less than 14 days after announcement of sentence—before automatic forfeitures became effective. Accordingly, we find the failure of the Government

---

[8] The EoJ notes that Appellant submitted requests for deferment and waiver of automatic forfeitures on 5 June 2020. However, the EoJ does not state that the convening authority denied these requests, nor does it state the date on which such denial occurred.

[9] The court notes tension in the Rules for Courts-Martial on this issue. R.C.M. 1111(e)(2) states a judgment shall be entered "as soon as practicable" after the military judge is notified of the convening authority's decision. In this case, the Decision on Action memorandum and EoJ were signed the same day. While this is not an uncommon practice, we note that R.C.M. 1104(b)(2)(B) provides: "A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action." Thus, in this case, Appellant would have had until 15 June 2020 to object to the convening authority's decision on action. However, when the military judge entered the judgment on 10 June 2020, Appellant may reasonably have believed his right to object to the convening authority's decision on action, or to any post-trial matter other than a "clerical or computational error" in the EoJ itself, had been curtailed. *See* R.C.M. 1104(b)(2)(C). Accordingly, for purposes of our analysis under these specific circumstances, we have not applied forfeiture to Appellant's failure to object under R.C.M. 1104. Rather, we have reviewed Appellant's assignment of error de novo.

to serve notice of the convening authority's decision on deferment of automatic forfeitures did not materially prejudice Appellant's substantial rights.

### III. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the entry of judgment as noted above. Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1111(c)(3). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ. Appellate counsel for the Government will inform the court not later than 15 October 2021, in writing, of the status of compliance with the court's decree unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court