# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

## No. ACM 40340

_____

### UNITED STATES
*Appellee*

**v.**

### Christopher N. GRAVES
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 23 August 2023

_____

*Military Judge*: Rebecca E. Schmidt (pretrial motion); Matthew D. Talcott (pretrial motions); Pilar G. Wennrich (arraignment); Brian C. Mason (trial).[1]

*Sentence*: Sentence adjudged on 26 May 2022 by GCM convened at Joint Base Anacostia-Bolling, Washington, District of Columbia.[2] Sentence entered by military judge on 27 June 2022: Dishonorable discharge, confinement for 36 months, and reduction to E-1.

*For Appellant*: Major Jenna M. Arroyo, USAF; Major Jarett Merk, USAF.

*For Appellee*: Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, CADOTTE, and ANNEXSTAD, *Appellate Military Judges*.

_____

[1] The pretrial motions were pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

[2] Appellant was arraigned at Fort George G. Meade, Maryland.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————————

PER CURIAM:

In accordance with his pleas and pursuant to a plea agreement, Appellant was convicted of three specifications of sexual abuse of a minor, one specification of obstruction of justice, and one specification of possession of child pornography, in violation of Articles 120b, 131b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 931b, 934.[3] The military judge sentenced Appellant to a dishonorable discharge, 36 months' confinement, and reduction to the grade of E-1. The convening authority approved the sentence in its entirety.

This case was submitted for our review on its merits without assignment of error. During our review, we found the entry of judgment (EoJ) contains errors, at least one of which is to the material prejudice of a substantial right of Appellant. In our decretal paragraph we remand the case to the Chief Trial Judge, Air Force Trial Judiciary, for modification of the EoJ.

## I. BACKGROUND

Appellant entered into a plea agreement (PA) with the convening authority on 12 May 2023. Pursuant to paragraph 1 of the PA, Appellant agreed to plead guilty to some offenses, and not guilty to others; he did not specify that he would plead guilty by exceptions. Paragraph 3 of the PA, addressing the offenses to which Appellant would plead not guilty, stated:

> The convening authority agrees to dismiss specification 3 of Charge I, specification 2 of Charge III, Charge IV and its specification, and Charge V and its specification *after sentencing*. The convening authority agrees to *line out* "pictures, videos, and" from the specification of Charge II. The dismissal will be *without prejudice*, but the convening authority agrees not to refer the specifications anew unless [Appellant] break[s] the terms of this agreement.

———————————————

[3] One offense was committed before 1 January 2019; the others were committed after that date. We considered the applicable edition of the *Manual for Courts-Martial* in our review of the punitive articles of the UCMJ. Unless otherwise noted, all other references to the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

(Emphasis added). The Specification of Charge II alleged Appellant obstructed justice by deleting "pictures, videos, and messages" between himself and the victim identified in Specifications 1 and 2 of Charge I.

On 26 May 2022, Appellant entered pleas through his trial defense counsel "[p]ursuant to the Plea Agreement." He entered guilty and not guilty pleas in line with his agreement in the PA, with one notable difference. To the Specification of Charge II he pleaded as follows: "Guilty, except for the words 'pictures, videos, and,' to those words: Not Guilty; to Charge II: Guilty." The military judge confirmed with Appellant that he pleaded guilty by exceptions to the Specification of Charge II. The military judge conducted a providency inquiry into all the specifications to which Appellant pleaded guilty. For the Specification of Charge II, the inquiry related only to messages, and not pictures or videos.

During his plea-agreement inquiry with Appellant, the military judge asked for "the Government's position with regards to whether or not [Appellant] has complied with his terms of his plea agreement as listed under [paragraph] 1 when he excepted those words." Circuit Trial Counsel replied, "Our position is he complied." Later during this inquiry, the military judge briefly asked Appellant about paragraph 3 of the PA, *supra.* He confirmed Appellant understood and agreed

> the convening authority [is] agreeing to dismiss Specification 3 of Charge I, Specification 2 of Charge III, Charge IV and its Specification, and Charge V and its Specification. And . . . the convening authority would agree to line out "pictures, videos, and," consistent with the way [Appellant] pled, the excepted words from the Specification of Charge II; the dismissal would be without prejudice, but the convening authority agrees not to refer the specification[s] anew . . . unless [Appellant] break[s] the terms of the agreement.

At the end of the plea-agreement inquiry, both parties stated they agreed with the military judge's interpretation of the PA.

The military judge announced findings "in accordance with [Appellant's] pleas of guilty" as follows:

> Of Specification 1 of Charge I: Guilty;
>
> Of Specification 2 of Charge I: Guilty;
>
> Of Specification 4 of Charge I: Guilty;
>
> Of Charge I: Guilty.

Of the Specification of Charge II: Guilty, except the words "pictures, videos, and;" of the excepted words: Not Guilty.

Of Charge II: Guilty.

. . . .

Of Specification 1 of Charge III, and

Of Charge III: Guilty.

After he announced findings, the military judge asked trial counsel whether he had "a motion to make with regards to the remaining specifications and charges." Trial counsel replied, "The Government makes a motion to dismiss Specification 3 of Charge I; Specification 2 of Charge III, the Specification of Charge IV, and the Specification of Charge V, without prejudice."[4] With no defense objection, the military judge granted the motion.

The Statement of Trial Results—dated the same day as the court-martial—and the EoJ reflect findings to the specifications to which Appellant pleaded not guilty and which the Government moved to dismiss without prejudice. That is, the entries on the EoJ for Specification 3 of Charge I, Specification 2 of Charge III, and the specifications of Charges IV and V indicate (1) Appellant pleaded not guilty, (2) Appellant was found not guilty, and (3) the specification was "withdrawn and dismissed after arraignment (without prejudice)." Charges IV and V also reflect that Appellant pleaded not guilty and was found not guilty.

Moreover, in both documents, the language of the offense alleged in the Specification of Charge II (1) omits the words, "pictures, videos, and," (2) indicates a guilty plea without exceptions, and (3) indicates a guilty finding without exceptions.

The charge sheet reflects that on 26 May 2022, the same day as the court-martial, (1) Specification 3 of Charge I, Specification 2 of Charge III, and Charges IV and V and their specifications were "withdrawn and dismissed without prejudice," and (2) the words "pictures, videos, and" were lined out. The initials next to the changes are the same as assistant trial counsel's initials.

## II. LAW

Proper completion of post-trial processing is a question of law that this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (2000)). The EoJ is

---

[4] The Government did not specifically ask that Charges IV and V be dismissed.

part of a record of trial. *See* Rule for Courts-Martial (R.C.M.) 1112(b)(9). "A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." R.C.M. 1112(d)(2). "The Chief Trial Judge[, Air Force Trial Judiciary,] has been delegated the authority to modify EoJs in accordance with R.C.M. 1111(c)(2), and may detail a subordinate trial judge to modify an EoJ in a particular case." Department of the Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 21.9.1 (14 Apr. 2022). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3).

"No person may, without his consent, be tried a second time for the same offense." Article 44(a), UCMJ, 10 U.S.C. § 844(a). "Under the constitutional and statutory protections against double jeopardy, an announced decision to acquit is final. The decision cannot be impeached, and the accused cannot be retried . . . ." *United States v. Hardy*, 46 M.J. 67, 73 (C.A.A.F. 1997) (citations omitted).

## III. DISCUSSION

The EoJ in this case does not appear to accurately reflect Appellant's pleas and the findings of the court-martial. We address the two sets of errors in turn.

Appellant pleaded guilty by exceptions to the Specification of Charge II. However, the EoJ indicates those excepted words were not part of the specification when Appellant entered his pleas. More importantly, however, the military judge found Appellant not guilty of those words. A not-guilty finding has enduring consequences to the benefit of an accused, including the attachment of jeopardy.[5] The failure of the EoJ to reflect the not-guilty findings to the excepted words materially prejudices Appellant's substantial right to former-jeopardy protection.

Next, the EoJ indicates that for certain specifications and charges (1) Appellant was found not guilty, and (2) they were withdrawn from the court-martial and dismissed without prejudice after arraignment. This scenario is not only perplexing, it is contrary to the findings announced by the military judge. Appellant was arraigned on those offenses, and entered pleas of not guilty; at

---

[5] While the PA was clear the dismissals would be "without prejudice," a not-guilty finding is the equivalent of the words being dismissed "with prejudice."

that point, our review of the record indicates they had not been withdrawn and dismissed. The military judge did not enter a finding to those charges and specifications. The military judge granted the government motion to withdraw and dismiss them, and the markings on the charge sheet indicate the Government did so. As discussed *supra*, the result of a not-guilty finding is that Appellant could not be re-tried for those offenses. If the offenses instead were dismissed without prejudice, further prosecution is possible. From our read of the record, it appears the "F[inding]" column of the EoJ for Specification 3 of Charge I, Specification 2 of Charge III, and Charges IV and V and their specifications should not state "NG" and instead state what appears in the next column: "Withdrawn and dismissed after arraignment (without prejudice)."

We decline to exercise authority under R.C.M. 1111(c)(2) to modify the contents of the EoJ, or under Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), to order a hearing. We determine the better approach is to allow a military judge under R.C.M. 1111(c)(3) to ensure the EoJ accurately reflects the specifications, pleas, and findings or other disposition of the offenses in Appellant's case.

## IV. Conclusion

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for modification of the entry of judgment as noted above. Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1111(c)(3). We retain jurisdiction and do not dismiss the appellate proceedings. *See* Jt. Ct. Crim. App. R. 29(b)(1).

The military judge shall give notice of the proposed corrections to all parties and permit them to examine and respond before finalizing modification to the entry of judgment. R.C.M. 1112(d)(2). Thereafter, and **not later than 22 September 2023**, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866. Any motion for leave to file a supplemental filing must be submitted **not later than 14 days** after the record is returned to the court. *See* A.F. Ct. Crim. App. R. 18.4.[6]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] As we are not returning the record to The Judge Advocate General, Article 66(g), UCMJ, 10 U.S.C. § 866(g), and Jt. Ct. Crim. App. R. 18(d) are inapplicable. Additionally, we are not ordering a hearing under Article 66(f), UCMJ. *See* Jt. Ct. Crim. App. R. 29.