***CORRECTED COPY – DESTROY ALL OTHERS***

# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40103**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Michael E. NOVELLI**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 July 2022

———————————

*Military Judge:* Willie J. Babor (arraignment and motions), Charles E. Wiedie, Jr. (trial).

*Sentence:* Sentence adjudged on 26 January 2021 by GCM convened at Spangdahlem Air Base, Germany. Sentence entered by military judge on 1 March 2021: Bad-conduct discharge, confinement for 600 days, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant:* Major Kasey W. Hawkins, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Lieutenant Colonel Amanda L.K. Linares, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges.*

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

In accordance with his pleas and pursuant to a plea agreement, Appellant was convicted of several drug-related offenses in violation of Articles 112a, 81, 80, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 881,

880, and 934:[1] two specifications of marijuana use, the second on divers occasions; one specification each of using cocaine and psilocybin, on divers occasions; one specification each of using tetrahydrocannabinols, diazepam (Valium), alprazolam (Xanax), and anabolic steroids; three specifications of marijuana possession; one specification each of possessing cocaine, tetrahydrocannabinols, anabolic steroids, and lysergic acid diethylamide; one specification of conspiracy to commit exportation of marijuana; one specification of conspiracy to commit exportation of tetrahydrocannabinols; three specifications of attempt to possess marijuana; one specification of attempt to possess gamma hydroxybutric acid; one specification of solicitation to use anabolic steroids; and one specification of solicitation to distribute amphetamine.[2,3]

The maximum punishment based on the convicted offenses included a dishonorable discharge and over 100 years in confinement. The plea agreement with Appellant required the military judge to adjudge no more than 30 months' total confinement for all the offenses, with the individual periods to run consecutively.[4] The military judge sentenced Appellant to some period of confinement for each specification, resulting in a sentence of 600 days' confinement, in addition to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant was credited with 236 days for pretrial confinement. The convening authority approved the sentence in its entirety.

## I. BACKGROUND

Appellant raises four issues on appeal: whether (1) the entry of judgment should be corrected; (2) the conspiracy specifications are an unreasonable multiplication of charges; (3) trial counsel's sentencing argument was improper;

---

[1] Some offenses were committed before 1 January 2019, and some were committed after that date. We considered the applicable edition of the *Manual for Courts-Martial* in our review of the punitive articles of the UCMJ. Unless otherwise noted, all other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The specifications alleged that psilocybin, tetrahydrocannabinols, and gamma hydroxybutric acid were schedule I controlled substances; anabolic steroids were a schedule III controlled substance; and diazepam and alprazolam were schedule IV controlled substances.

[3] In accordance with the plea agreement (PA), the Government withdrew and dismissed with prejudice six additional specifications in violation of Articles 80 and 112a, UCMJ.

[4] The PA specified the agreed-upon maximum periods of confinement for each specification. It also authorized a bad-conduct discharge, but not a dishonorable discharge.

and (4) his sentence is inappropriately severe.[5] Regarding issue (1), the Government "agrees that the entry of judgment should address the specific [lesser-included offenses] for which Appellant was convicted." In our decretal paragraph we remand the case to the Chief Trial Judge, Air Force Trial Judiciary, for modification of the entry of judgment. We have carefully considered issues (2), (3), and (4) and determine no discussion or relief is warranted. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

## II. DISCUSSION

Proper completion of post-trial processing is a question of law that this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (2000)). "The Judge Advocate General, the Court of Criminal Appeals, and the [United States] Court of Appeals for the Armed Forces may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2). "A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." *Id.* "Defective or incomplete records of trial may be forwarded by the superior competent authority to the Chief Trial Judge[, Air Force Trial Judiciary,] for correction," who then "may detail a subordinate trial judge to correct the [record of trial] in accordance with R.C.M. 1112(d)(2)." Department of the Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 21.15.1 (14 Apr. 2022). "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3).

Appellant alleges error in the entry of judgment with respect to four specifications. As charged, two specifications alleged possession with intent to distribute and two specifications alleged attempted possession with intent to distribute. To these offenses, Appellant pleaded guilty to a lesser-included offense (LIO) involving possession without the intent to distribute. Appellant entered the following pleas to these specifications:

> To Charge I, Specification 4: Not Guilty, but Guilty of the lesser included offense of wrongful possession of marijuana, in violation of Article 112a, UCMJ.

> To Charge I, Specification 5: Not Guilty, but Guilty of the lesser included offense of wrongful possession of [ ] anabolic steroids, in violation of Article 112a, UCMJ.

---

[5] Issues (3) and (4) are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

. . . .

> To Additional Charge I, Specification 2: Not Guilty, but Guilty of the lesser included offense of attempted wrongful possession of gamma-Hydroxybutyric acid, in violation of Article 80, UCMJ.

. . . .

> To Additional Charge II, Specification 4: Not Guilty, but Guilty of the lesser included offense of wrongful possession of marijuana, in violation of Article 112a, UCMJ.

Charge I and Additional Charge II alleged violations of Article 112a, UCMJ. Additional Charge I alleged violations of Article 80, UCMJ.[6]

In the plea agreement with the convening authority, the Government agreed not to proceed on the charged greater offenses to those identified above—each of which alleged an intent to distribute—to include not presenting any evidence of the greater offenses beyond what was contained in the stipulation of fact.

After finding Appellant's pleas provident, the military judge ascertained from the Government that it did not intend to prove up the greater offenses. The military judge then announced the following findings to the four specifications at issue:

> Of Specification 4 of Charge I: Not Guilty of possession of a controlled substance with intent to distribute, but Guilty of possession of a controlled substance.

> Of Specification 5 of Charge I: Not Guilty of possession of a controlled substance with intent to distribute, but Guilty of possession of a controlled substance.

. . . .

> Of Specification 2 of Additional Charge I: Not Guilty of attempted possession of a controlled substance with intent to distribute, but Guilty of attempted possession of a controlled substance.

. . . .

---

[6] Trial defense counsel need not have specified the UCMJ article when he entered a plea on behalf of Appellant to the specifications, as the lesser-included offense was a violation of the same UCMJ article as the charge. An attempt to capture this extraneous language may have led to some inaccuracies in the entry of judgment, discussed in this opinion.

Of Specification 4 of Additional Charge II: Not Guilty of posses-
sion of a controlled substance with intent to distribute, but
Guilty of possession of a controlled substance.

The entry of judgment has entries for the plea and finding to each specifi-
cation. For Specifications 4 and 5 of Charge I, and Specification 4 of Additional
Charge II, both pleas and findings are entered as, "NG, but guilty of the LIO
of Art. 112a." For Specification 2 of Additional Charge I, both pleas and find-
ings are entered as, "NG, but guilty of the LIO of Art. 80." Beyond the UCMJ
article, the entry of judgment does not specify the lesser offense to which Ap-
pellant pleaded, and was found, guilty. Specifically, it does not mirror the mil-
itary judge's clear announcement of his findings, which he made "in accordance
with [Appellant's] plea of guilty," that reflect pleas and findings of not guilty
to the alleged "intent to distribute" the illegal substances.

In its answer to Appellant's assignments of error, the Government does not
agree with Appellant that the entry of judgment is "inaccurate," and instead
asserts it lacks specificity. "The United States agrees that the entry of judg-
ment should address the specific LIOs for which Appellant was convicted." The
Government requests this court "make the correction itself, rather than re-
manding the case, in accordance with [Rule for Courts-Martial] 1111(c)(2)."
Appellant requests this court order the publication of a corrected entry of judg-
ment. We agree the entry of judgment should be modified to provide greater
specificity, and agree with Appellant's proposed remedy.

Although not raised as an assignment of error, in our review we noted the
entry of judgment is lacking specificity with respect to two other specifications.
Appellant pleaded guilty to Specifications 1 and 2 of Charge II by exceptions
and substitutions,[7] as follows:

To Charge II, Specification 1: Guilty, except for the *first* words
"Speicher, Germany" substituting therefor the words "the Mid-
dle East". Of the excepted words, Not Guilty. Of the substituted
words, Guilty.

To Charge II, Specification 2: Guilty, except for the *first* words
"Speicher, Germany" substituting therefor[ ] the words "the
Middle East". Of the excepted words, Not Guilty. Of the substi-
tuted words, Guilty.

---

[7] Appellant initially entered a plea of guilty to these specifications. During the provi-
dence inquiry, it became apparent the place where the offense occurred was not as
charged. The military judge allowed Appellant to withdraw and re-enter his pleas of
guilty to these specifications and the charge.

(Emphasis added.) The words "Speicher, Germany" also appeared at the end of each specification, in the address where Appellant's father shipped the package of drugs. The military judge confirmed, "And just to be clear on the record, because yeah, 'Speicher, Germany' appears twice within the specification. So what - the exceptions and substitutions apply to the actual location where the offense occurred. Is that correct, Defense Counsel?" to which trial defense counsel replied, "Yes, Your Honor."

The military judge announced his findings to these specifications, "in accordance with [Appellant's] plea of guilty," as follows:

> Of Specification 1 of Charge II: Guilty except the words "Speicher, Germany" substituting therefor the words "the Middle East". Of the excepted words Not Guilty. Of the substituted words Guilty.

> Of Specification 2 of Charge II: Guilty except the words "Speicher, Germany" substituting therefor the words "the Middle East". Of the excepted words Not Guilty. Of the substituted words Guilty.

For Specifications 1 and 2 of Charge II, for both pleas and findings, the entry of judgment states, "G, except the words 'Speicher, Germany,' substituting the words with 'the Middle East'; of the excepted words, NG; of the substituted words, G." The entry of judgment does not indicate that it was the *first* words "Speicher, Germany" appearing in the specifications that were excepted and substituted, and not the words later in both specifications that indicate the mailing address where Appellant's father shipped a package.

Therefore, based on the discrepancies noted above, we order a modified entry of judgment.

## III. CONCLUSION

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for modification of the entry of judgment as noted above. Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1111(c)(3). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866. Appellate counsel for the Government will inform the court not later than 12 August 2022, in writing, of the status of compliance with the court's decree unless the record of trial has been returned to the court prior to that date.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court